Dye, J.
(dissenting). I dissent. These defendants are each charged with the crime of murder in the first degree for having willfully and feloniously killed Alex Brustofsky (Penal Law, § 1044, subd. 2). At the trial the People adduced proof pointing circumstantially to these defendants including proof by a medical examiner to the effect that the victim met his death by strangulation which, in his opinion, had been caused by the application of pressure such as, for instance, by an arm encircling the dead man’s throat. In addition, the court received in evidence, over the defendants’ objection, statements in the nature of confessions voluntarily made by each defendant to police officers while they were being questioned as suspects. Their statements dealt primarily with the planning and consummation of an independent felony, that is, robbery, but were not broad enough to constitute a confession of the homicide. We thus have the situation in which the independent felony fixing the identity of the crime charged,> i.e., murder in the first degree, is admitted, but the crime as charged is denied.
At the close of the People’s case the defendants respectively moved to dismiss the indictments on various grounds including the lack of additional proof to sustain a conviction based on the so-called confession as required by section 395 of the Code of Criminal Procedure which motions the court denied. The defendants then rested. The case was sent to -the jury on a comprehensive though stereotyped general charge in which reference was made to that part of section 395 which deals with the admission of a confession and which, when voluntarily made, the court characterized as “ evidence of the most satisfactory character ”. In addition, the court in effect told the jury that the corpus delicti had been established as matter of law when he stated in his charge ‘ ‘ I think it is safe to say that Mr. Brustofsky is dead, that he met his death as the result of some criminal agency, and it is not disputed that he was killed ’ ’. At the close of the main charge, counsel for the respective *143 defendants requested the court to charge that part of section 395 of the Code of Criminal Procedure providing that a confession “ is not sufficient to warrant a conviction, without additional proof that the crime charged had been committed ”. This request, in each instance, was refused except “ as already charged ”.
In this setting it seems all too clear that the consequence of the statement was to effectively withdraw from consideration by the jury an essential element necessary to establish the corpus delicti and that this, together with a refusal to charge, as requested, combined to prejudice these defendants in a right so fundamental as to require a new trial. I say this in full recognition that, in a trial for homicide perpetrated in the commission of another and independent felony, a confession is sufficient evidence to sustain a conviction whenever there is evidence corroborating the homicide such as, for instance, the dead body bearing marks of criminal violence, and that it is not necessary that the corroboration extend to the independent felony (People v. Lytton, 257 N. Y. 310; People v. Joyce, 233 N. Y. 61), but that is not to say as matter of law the weight of such evidence should be taken from the jury (cf. People v. Gold, 295 N. Y. 772). The statements and ruling of this Trial Judge had the effect of taking from the jury the question as to the weight of the evidence respecting the establishment of the corpus delicti. In capital cases such as this, I do not think it ‘6 safe ’ ’ as matter of law to tell the jury that the victim has been killed by criminal agency. While it may be said that everyone in the courtroom knew that the reason for the trial was the finding of Brustofsky’s dead body bearing marks of criminal agency, indicating that he had been killed, nonetheless that fact—however obvious — was primarily for the jury to determine and not a question for the Trial Judge to dispose of by an offhand remark such as here made, the import of which is emphasized by his subsequent refusal to charge section 395. The circumstance that counsel for the defendants during summation seemed also to take that fact for granted, does not operate to deprive the jury of their function, particularly since the homicide had not been admitted by these defendants, nor could counsel in summation admit it for them and, as I read the record, I do not think they did. We must keep in mind that the confession as to the independent felony was properly before *144 the jury. From then on it was only a short step to a verdict of guilty of the crime charged which unquestionably was made even shorter by the comment foreclosing their duty respecting the corpus delicti. In such a situation the Trial Judge, as the Appellate Division has correctly pointed out, should have made “ some proper charge respecting the additional proof ”. I agree with this and accordingly vote to affirm the order appealed from and grant a new trial to each defendant.
Conway, Ch. J., Desmond, Van Voorhis and Burke, JJ., concur with Fuld, J.; Dye, J., dissents in an opinion in which Froessel, J., concurs.
Order of Appellate Division reversed and the judgments of the County Court reinstated.