■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE MONSANTO, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 3, 1972, convicting him of burglary in the second degree, a felony, and possession of a weapon as a misdemeanor, upon his plea of guilty, and sentencing him to a prison term of a maximum of four years for the burglary and certifying him to the care and custody of the Narcotic Addiction Control Commission (NACC) for a maximum of three years for the weapon possession. Judgment modified, on the law and as a matter of discretion in the interests of justice, by changing the sentence on the misdemeanor conviction to a suspended sentence. As so modified, judgment affirmed. Defendant, an admitted narcotic addict, interposed his guilty plea in satisfaction of all charges in the indictment. At sentencing, the court affirmatively indicated that it wished to exercise its discretion under section 208 of the former Mental Hygiene Law (now section 81.21 of the present Mental Hygiene Law) by sentencing defendant to prison rather than certifying him to the care and custody of NACC. Indicating dissatisfaction with the result, but being of the opinion that it was bound by the mandatory language of paragraph a of subdivision 4 of section 208, the court then certified defendant to the custody of NACC on the misdemeanor conviction. This led to the anomalous result of having defendant receive a prison sentence and a certification to the care and custody of NACC at the same time. The statute gave the court the discretion to sentence an addicted defendant to prison or to certify him to NACC where the defendant was convicted of a felony. The obvious intent was to allow the court to review all the circumstances and to determine whether the prospect of rehabilitation should yield to the factor of protection of society and the need to impose punishment. However, where the conviction was for a misdemeanor, the statute mandated that the addicted defendant be certified to the care and custody of NACC. Therefore, if the statute is read literally, convictions for a felony and a misdemeanor at the same time required certification to NACC, even though a conviction for a felony alone allowed the court to exercise its discretion in deciding whether to certify the addict to NACC. The result would be that the court's discretion was diminished because there was a conviction for an additional crime. In our opinion, it was not the intention of the Legislature to mandate the occurrence of such an incongruity. If the Legislature intended that the court have discretion in sentencing an addicted felon, then logic dictates that the intention was not to fetter that discretion where the court must also sentence for a misdemeanor conviction. This interpretation is buttressed by the provisions of section 211-a of the former Mental Hygiene Law (section 81.31 of the present statute), under which NACC could discharge an addict previously certified to its care and custody in order

to have him serve another sentence where the other sentence would likely extend beyond the certification period. The purpose of this provision was to allow NACC to terminate a certification which would be futile in terms of rehabilitation (see memorandum of State Department of Mental Hygiene, Narcotic Addiction Control Commission [McKinney's 1972 Session Laws of New York, p. 3311], which discussed the amendment to section 211-a enacted by chapter 455 of the Laws of 1972). There is no reason why the sentencing court should be placed into a position of ordering a futile certification in the first place. Therefore, we read subdivision 4 of section 208 of the former Mental Hygiene Law as having required certification to NACC of an addict convicted of a misdemeanor only where the misdemeanor conviction was not accompanied by a felony conviction. Where the addict was convicted of both a felony and misdemeanor, the sentencing court had the same discretion to impose the alternative sentence provided for where the addict was convicted of only a felony. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.