■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES REED, Appellant.— Appeal from a judgment of the County Court, Sullivan County rendered October 31, 1972, convicting defendant on his plea of guilty of the crime of criminal sale of a dangerous drug in the third degree. Defendant was indicted for the crime of criminal sale of a dangerous drug in the third degree in violation of section 220.35 of the Penal Law. Subsequently, he pled guilty to the indictment and was sentenced to an indeterminate prison term of 4½ years. He contends on this appeal that it was an abuse of discretion for the court to sentence him to prison instead of committing him to the care of the Narcotic Addiction Control Commission. He also maintains that section 208 (subd. 4, par. b) of the Mental Hygiene Law in granting the court discretion either to impose a jail sentence, or to certify for Narcotic Addiction Control Commission care for rehabilitation, is cruel and inhuman punishment in violation of the Eighth Amendment. (See *People* v. *Davis,* 33 N Y 2d 221.) Both contentions lack merit. The court was fully aware of defendant's drug addiction problem, and the fact that he previously had received treatment. The court, in its discretion, elected to impose a jail sentence. This

it was authorized to do pursuant to section 208 of the Mental Hygiene Law. (*People* v. *Carter,* 31 N Y 2d 964.) The statute, in our opinion, presents no constitutional defect. It properly grants discretion to the court to provide medical treatment to felons who it feels will benefit thereby, or to impose jail sentences where the interests of justice will be better served. (*Smith* v. *Follette,* 445 F. 2d 955.) The judgment should be affirmed. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Sweeney and Kane, JJ., concur.