■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY CICERANI, Appellant, v PAUL W. METZ et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 8, 1976 in Washington County, which denied a writ of habeas corpus, without a hearing. Following a plea of guilty to the charge of burglary in the third degree, the petitioner was sentenced to the care and custody of the Office of Drug Abuse Services for a period of 60 months (Mental Hygiene Law, § 81.13). After serving part of that sentence, petitioner was released to aftercare. While on aftercare, he was arrested for, and pled guilty to, the crime of burglary in the third degree. He was certified a second felony offender and was sentenced to an indeterminate term of one and one-half to three years at Great Meadows Correctional Facility, Comstock, New York, where he is currently an inmate and from where he applied for a writ of habeas corpus. Petitioner alleged he was being unlawfully detained as his first sentence had not expired at the time of his subsequent sentence to imprisonment (CPL 430.10). The petitioner is lawfully incarcerated under his present sentence (Penal Law, §§ 60.03, 60.05, 70.06; Mental Hygiene Law, §§ 81.01, 81.31; *People ex rel. Lawson v Casscles,* 47 AD2d 574; *People ex rel. Tanner v*

*Vincent,* 44 AD2d 170, affd 36 NY2d 773). Petitioner further contends that his confinement at Comstock, which he alleges lacks adequate drug rehabilitation, violates his rights under the Eighth and Fourteenth Amendments of the United States Constitution. This court has previously held that argument to be without merit *(People v Reed,* 43 AD2d 876; see *Smith v Follette,* 445 F2d 955). The petitioner was not entitled to a hearing because he was not returned from aftercare status to resident treatment status. In fact, he was discharged by the Narcotic Addiction Control Commission to the custody of the Department of Correctional Services (Mental Hygiene Law, § 81.31; *People v Monsanto,* 41 AD2d 761). Judgment affirmed, without costs. Kane, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.