THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
KENDALL LYTTON, Appellant.

(Argued October 5, 1931; decided November 17, 1931.)

Jacob H. Gilbert, Susan Brandeis, Harry Schulman, Alfred E. Smith, Jr., and Aaron A. Feinberg for appellant. That portion of the trial judge's charge which states that proof of the finding of the body with marks of violence upon it, supplemented by the defendant's confession of guilt, is sufficient for conviction and other portions of the charge of similar import constitute prejudicial error of so high a character as to require a reversal of the judgment of conviction. (People v. Brasch, 193 N. Y. 46; People v. Roach, 215 N. Y. 592; People v. Deacons, 109 N. Y. 374; People v. Joyce, 233 N. Y. 61; People v. Spohr, 206 N. Y. 516; People v. Huter, 184 N. Y. 237; People v. Marendi, 213 N. Y. 600; People v. Moran, 246 N. Y. 100; People v. Wagner, 245 N. Y. 143; People v. Sobieskoda, 235 N. Y. 411; People v. Stover, 232 N. Y. 264.) That portion of the charge wherein the trial judge stated that if the defendant while engaged in the commission of, or an attempt to commit, a felony discharged a loaded firearm accidentally or unintentionally, the bullet of which penetrated a human being, from the effects of which his life was destroyed, defendant is guilty of murder in the first degree, is erroneous and constitutes ground for reversal. (People v. Sobieskoda, 235 N. Y. 411; Duncan v. Landis, 106 Fed. Rep. 839; People v. Seiler, 246 N. Y. 262.)

Thomas C. T. Crain, District Attorney (Robert C. Taylor of counsel), for respondent. The confessions were corroborated, as required by section 395 of the Code of Criminal Procedure, and the finding of the body with unmistakable marks of murder upon it is sufficient additional proof to support a confession. (People v. Deacons, 109 N. Y. 374; People v. Brasch, 193 N. Y. 46; People v. Roach, 215 N. Y. 592; People v. Miller, 257

N. Y. 54; *People v. Creasy*, 236 N. Y. 205; *People* v. *Tavormina*, 257 N. Y. 84; *Lambert* v. *People*, 9 Cow. 578; *Elkin* v. *People*, 28 N. Y. 177; *People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182; *People* v. *Wiechers*, 179 N. Y. 459.) It was proper for the trial judge not to charge the lesser degrees of homicide. (*People v. Schleiman*, 197 N. Y. 383; *People v. Monat*, 200 N. Y. 308; *People v. Chapman*, 224 N. Y. 463; *People v. Van Norman*, 231 N. Y. 454; *People v. Koerber*, 244 N. Y. 147; *People* v. *Wagner*, 245 N. Y. 143; *People* v. *Moran*, 246 N. Y. 100; *People v. Seiler*, 246 N. Y. 262; *People v. Martone*, 256 N. Y. 395; *People v. Hoffman*, 219 App. Div. 334; 245 N. Y. 588.) If the homicide occurred during the commission of or attempt to commit a felony, it makes no difference whether it was accidental or otherwise. (*People v. Draniewicz*, 213 N. Y. 695; *People v. Talas*, 218 N. Y. 747; *People v. Waldenen*, 221 N. Y. 521; *People* v. *Mulholland*, 221 N. Y. 623; *People* v. *Manriquez*, 188 Cal. 602; *People v. Udwin*, 254 N. Y. 255; *People* v. *Slover*, 232 N. Y. 264.)

CARDOZO, Ch. J. The defendant has been convicted of murder in the first degree, the homicide having been perpetrated, it has been found, while the offender was engaged in the commission of a felony.

An earnest argument has been addressed to us that the verdict of the jury is contrary to the evidence. The identification of the defendant as the assailant and the fugitive, though made by disinterested witnesses, is said to be mere mistake, the product of suggestion or perhaps of officious zeal. The confessions to the police, an important, though not the sole basis for the finding that the assailant, when he shot, was engaged in the commission of a robbery, are repudiated as utter fabrications, concocted by the officers of the law after a futile endeavor to extort genuine confessions by resort to threats and violence. We have examined the record

with the patient care exacted by the life that is at stake. Inconsistencies and uncertainties are not lacking altogether. They are not so vital as to condemn the verdict. A question of fact remains, involving an appraisal by a jury of the credibility of witnesses, and incapable of satisfactory solution by the study of the printed page (*People* v. *Rodawald*, 177 N. Y. 408, 419, 420; *People* v. *Taylor*, 138 N. Y. 398; *People* v. *Egnor*, 175 N. Y. 419, 425). " There can be no reversal of the judgment without breaking down the barriers that separate the functions of a jury from those of an appellate court " (*People* v. *Arata*, 255 N. Y. 374, 375).

The judgment being upheld as to the facts, we are to consider whether the charge to the jury, unchallenged at the trial by objection or exception, exhibits fundamental error in its statement of the law (*People* v. *Semione*, 235 N. Y. 44, 46).

■ The defendant insists that upon a trial for homicide perpetrated in the commission of another and independent felony (*People* v. *Moran*, 246 N. Y. 100; Penal Law, § 1044, subd. 2), a confession is insufficient evidence to sustain a conviction, though there is corroborating evidence of the fact of the homicide, unless there is also corroborating evidence, *i. e.*, evidence apart from the confession, of the independent felony, and that the trial judge erred in charging to the contrary.

The charge is in accordance with the settled doctrine of this court, which deserves to be stated in an opinion, since arguments before us both in this case and in others disclose uncertainty as to the governing principle in the minds of members of the bar.

Code of Criminal Procedure, section 395, provides that a confession of a defendant " is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed." The crime charged against this defendant is homicide, and the fact that a homicide has been committed is proved,

without reference to a confession, by the testimony of eye-witnesses as well as by the discovery of the body, bearing tokens of a fatal wound (*People* v. *Deacons*, 109 N. Y. 374; *People* v. *Brasch*, 193 N. Y. 46, 58). This being done, the requirement of the Criminal Code must be held to have been satisfied. The danger that a crime may be confessed when no such crime in any degree has been committed by any one is then sufficiently averted (*People* v. *Deacons*, *supra*). The considerations of public policy back of this section of the Code are near akin to those back of a section of the Penal Law to the effect that " no person can be convicted of murder or manslaughter unless the death of the person alleged to have been killed and the fact of killing by the defendant, as alleged, are each established as independent facts; the former by direct proof, and the latter beyond a reasonable doubt " (Penal Law, § 1041; *People* v. *Palmer*, 109 N. Y. 110, 114). The corroborating evidence being sufficient to confirm the confession of a homicide, the Code does not require that it shall also confirm the confession of a homicide in any particular degree.

The defendant, indeed, does not contend that there would be need for corroborating evidence of degree if the case had been submitted to the jury under Penal Law, section 1044, subdivision 1, as a homicide committed with a deliberate and premeditated design to kill. The argument is that a different measure of corroboration becomes necessary when the case is submitted under subdivision 2 as a homicide effected without a design to kill by a person engaged in the commission of a felony. The distinction so drawn proceeds upon a false conception of the function of an accompanying felony in a prosecution for the crime of murder. Its function and its significance were clearly expounded by this court, speaking by HISCOCK, Ch. J., in *People* v. *Nichols* (230 N. Y. 221), a case substantially decisive of the question now before us. Homicide, we said, is not murder " without

evidence of malice and of a felonious intent and a depraved mind" (*People* v. *Nichols, supra,* at p. 226). The malice or the state of mind may be proved by showing that the act was done with a deliberate and premeditated design to kill. The case will then fall under subdivision 1 (§ 1044). It may be proved by showing that the act was done by one then and there engaged in the commission of another felony (*People* v. *Enoch,* 13 Wend. 159, 174; *People* v. *Nichols, supra*). The case will then fall under subdivision 2. In the one case as in the other a single crime is charged, the independent felony like the deliberate and premeditated intent being established solely for the purpose of characterizing the degree of the crime so charged, the evil mind or purpose inherent in the killing (*People* v. *Enoch, supra*). If there could be any doubt about this, the form of the indictment would be sufficient to dispel it. The rule is settled that there is no need to charge in an indictment that the homicide was wrought in the commission of another felony. It suffices to state in the common-law form that the defendant acted "willfully, feloniously and with malice aforethought" (*People* v. *Nichols, supra; People* v. *Giblin,* 115 N. Y. 196, 198; *People* v. *Osmond,* 138 N. Y. 80). This would never do if the independent felony were conceived of as changing the identity of the crime instead of merely characterizing the degree of culpability to be imputed to the killer.

The doctrine of *People* v. *Nichols* has been applied by this court in later cases, decided without opinion, where the point was made by counsel that a "felony" murder was not sufficiently corroborated unless the corroboration of the homicide extended to the felony. Illustrations are *People* v. *Hirsch* (254 N. Y. 570) and *People* v. *Metelski* (256 N. Y. 658). We are not unmindful that in *People* v. *Joyce* (233 N. Y. 61) a concurring opinion of one of the judges of the court argued for a holding that the corroboration was inadequate if limited to the

homicide. The view so expressed did not command the approval of a majority of the judges, and other and later cases, decided without dissent, must be deemed to have rejected it, if rejection at the moment was not sufficiently declared.

■ The court did not err in charging the jury in effect that the discharge of a pistol by a defendant who is holding it in his hand in furtherance of an attempt to rob, will lay the basis for a verdict of murder in the first degree, though the discharge was not intended, an accident induced by the terror or nervousness or excitement of the robber (*Commonwealth* v. *Lessner*, 274 Penn. St. 108; *People* v. *Udwin*, 254 N. Y. 255, 261.)

■ The court did not err in charging that, apart from the confessions, the testimony of the witnesses Dempster, Rawlins and Callan, if credited by the jury, might be found to be sufficient to establish the defendant's guilt. Dempster heard the exclamation by Lefkowitz, the victim of the crime, " He shot me and robbed me," and saw the defendant run out of the shop, his victim after him. Rawlins looking into the shop saw Lefkowitz with his hands up in the air, and saw the defendant facing him and holding a revolver. Callan testified to identification and pursuit. The defendant, who took the stand, disclaimed any previous acquaintance with Lefkowitz, and surely had no grudge against him that would have supplied a motive for the killing apart from the design to rob. In the setting of the occasion, a robbery or attempted robbery was the only reasonable inference as to the motive for the crime, if the jury credited the testimony of Dempster, Rawlins and Callan, and this whether the confessions were spurious or genuine.

■ Other rulings have been considered, but no error has been found in them.

The judgment of conviction should be affirmed.

CRANE, J. (concurring). Having expressed my views in *People* v. *Joyce* (233 N. Y. 61), I need not repeat them

here. The majority has not agreed with me, so that settles it. Personally, I feel that when the charge is murder in the first degree, committed unintentionally while perpetrating another felony, the confession of the felony is not enough — there should be some other evidence that the felony was being committed.

The important proof in a felony murder is the felony, because this makes the act of killing murder in the first degree, even though the defendant did not intend to kill. The form of the indictment cannot obscure the reality. There are no degrees of crime in a felony murder; the felony being proved, it is murder in the first degree, and nothing else. The jury cannot convict of a lesser degree of the crime. The felony, be it larceny or burglary, must be proved beyond a reasonable doubt — so the court must charge the jury. Yet under this present rule the felony, be it burglary or larceny, may be established by the defendant's confession alone, whereas if he were being tried for the minor felony, such as burglary or larceny, he could not be convicted solely on his confession. Such inconsistency does not appeal to me. However, the other view has prevailed and is the law for this State.

POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur with CARDOZO, Ch. J.; CRANE, J., concurs in memorandum.

Judgment affirmed.