THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEROY V. COLEMAN, Appellant.

Fourth Department, February 27, 1964.

*Stanley G. Falk* for appellant.

*George R. Blair, District Attorney (John M. Frysiak* of counsel), for respondent.

*Per Curiam.* A defendant's confession is insufficient to warrant conviction, without "additional proof that the crime charged has been committed." (Code Crim. Pro., § 395.) We find in this record such additional proof. Here there was the finding of a dead body, but there was absent "the unmistakable marks of a murder committed." (*People* v. *Deacons,* 109 N. Y. 374, 378.) But there was abundant proof of appellant's extrajudicial statements that he had killed his wife by strangulation. Concededly, this was insufficient because of "The danger that a crime may be confessed when no such crime in any degree has been committed by any one" (*People* v. *Lytton,* 257 N. Y. 310, 314).

The guiding principle to implement the heretofore quoted provision of section 395 has been stated in *People* v. *Cuozzo* (292 N. Y. 85, 92) as follows: "The additional evidence need not in itself 'amount to direct proof of defendant's murderous

act ' * * * and the confessions themselves may be used as a key or clue to the explanation of circumstances, which when so explained, establish the criminal act.''

The People called two medical experts who expressed the opinion that the cause of death was asphyxia. One of the doctors enumerated the recognized causes thereof other than strangulation. A hypothetical question was posed to each expert. Incorporated therein was an assumed state of facts based upon the autopsy findings that in substance excluded the causes other than strangulation and included a further assumption (based on defendant's extrajudicial statements) that the person had been strangled. The question posed was whether strangulation was a competent producing cause of asphyxia. Each expert answered in the affirmative.

Thus, in this state of proof, the jury could have found (and presumably did) that the other recognized causes of asphyxia could not have caused the death of the wife. In other words, the proof, by a process of elimination, excluded all causes of asphyxia except strangulation. Appellant contends that it was error to include in the hypothetical question the assumption that decedent had been strangled. This contention, however, ignores the holding in *People* v. *Cuozzo* (*supra*) that '' the confessions themselves may be used as a key or clue to the explanation of circumstances '' which establish the criminal act.

But this issue aside, there was abundant '' additional proof '' from other sources. Thus, there was evidence that shortly before the commission of the crime defendant had stated that he was going to kill his wife. There was further proof of motive, presence at the scene and flight to a foreign State immediately after the finding of the wife's body. It has been recently written that '' ' when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute.' It is for this reason that presence at the scene, proof of motive, evidence of flight and other conduct indicating a consciousness of guilt may, as indicated, be held to constitute the essential additional proof.'' (*People* v. *Reade*, 13 N Y 2d 42, 45–46.) (See, also, *People* v. *Conde*, 16 A D 2d 327, affd. 13 N Y 2d 939.)

The evidence in its entirety was sufficient to meet the requirement that there be '' additional proof of whatever weight, that the crime was in fact committed by someone, which additional

evidence of the body of the crime may be either direct or circumstantial '' and '' may be sufficient even though it fails to exclude every reasonable hypothesis save that of guilt '' and '' is sufficient if it shows guilty human agency although not showing *defendant's* participation in the crime.'' (*People* v. *Cuozzo, supra,* p. 92.)

The judgment should be affirmed.

NOONAN, J. (dissenting). The defendant has been convicted of murder in the second degree. He was indicted for murder in the first degree in that '' on January 7, 1962 he wilfully, feloniously and with malice aforethought did kill and murder Marlene Coleman by strangling her.'' The victim was the estranged wife of the defendant. Thus as part of the corpus of the crime charged, the People were required to prove that the victim died as the result of strangulation. The County Medical Examiner and a pathologist testified as to examinations of the body each made. A hypothetical question was put to each of them which assumed as one of its hypotheses that the victim was strangled. Each expressed the medical judgment and opinion based on this hypothesis that death was caused by asphyxia. Strangulation is not the only cause of asphyxia.

The only proof as to strangulation was in the form of alleged admissions of the defendant made to certain persons subsequent to the event. Section 395 of the Code of Criminal Procedure provides that such an admission can be given in evidence against an accused '' but is not sufficient to warrant his conviction without additional proof that the crime charged has been committed.''

True there is proof of threats to kill his wife made by the defendant prior to the event and also proof of flight by the defendant after the event. Such evidence does not, however, supply the additional proof required that the victim was in fact strangled. We are, therefore, constrained to require a new trial by reason of the assumption in the hypothetical questions of the fact which is the very essence of the charge specifically made in the indictment, namely that the defendant caused the victim's death by '' strangling her ''.

The judgment of conviction should be reversed and a new trial granted.

WILLIAMS, P. J., BASTOW and HENRY, JJ., concur in *Per Curiam* opinion; NOONAN, J., dissents and votes to reverse and to grant a new trial in an opinion in which GOLDMAN, J., concurs.

Judgment affirmed.