■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS CARDAIO, Appellant.— Appeal by defendant from an order of the Supreme Court, Queens County, dated February 23, 1968, which for the third time denied his motion to suppress certain evidence. Order affirmed. Previously this court affirmed defendant's convictions, upon a jury verdict, of feloniously possessing a narcotic drug with intent to sell; and affirmed an order which denied his motion, after a hearing, for suppression of evidence (*People* v. *Cardaio*, 25 A D 2d 953). At that suppression hearing the People adduced proof that Lieutenant Mulligan (who did not testify) had informed Detective King that one Tod Konrad had complained that defendant robbed him of eight pounds of marijuana at gunpoint. Detective King and other police officers immediately proceeded to defendant's home to arrest defendant and to search for the gun. Upon gaining admission to his apartment (the hearing Judge concluded that the officers had been invited in) the officers discovered the stolen marijuana. Tod Konrad testified that on June 1, 1964 (the day of defendant's arrest) the police came to his apartment and questioned him about the robbery. He told them that he had been robbed at gunpoint but denied stating that defendant had done it. The hearing Judge said he did not believe the latter part of Konrad's testimony. As stated earlier, this court affirmed the judgments of conviction and the intermediate order. The Court of Appeals withheld determination of an appeal from said affirmance and remitted the case for a further hearing on the motion to suppress stating that "it is incumbent upon the People" to adduce proof establishing probable cause where the source of the information denies he was the source (*People* v. *Cardaio*, 18 N Y 2d 924, 925). At the second hearing Lieutenant Mulligan testified that other police officers had informed him of the presence of marijuana at Konrad's residence. He and other officers proceeded to that address to determine if such an apartment in fact existed. Konrad accidentally accosted the officers in the common hallway and personally informed Mulligan about the afore-mentioned robbery and described one of the assailants as defendant. Konrad also gave Mulligan defendant's telephone number. The hearing Judge denied defendant's request to permit Konrad to testify as a rebuttal witness and denied defendant's motion to suppress the marijuana. A new order was entered thereon and defendant again appealed to this court. This court affirmed the findings of fact and observed that the testimony of Lieutenant Mulligan established that Konrad was the source of the information upon which the police had probable cause. However, in view of the Court of Appeals mandate we reversed, on the law, and remitted the case for a full hearing to permit Konrad to testify as a rebuttal witness (*People* v. *Cardaio*, 28 A D 2d 1144). A third hearing was conducted on February 21, 1968 before Judge SHAPIRO. The transcripts of the two prior hearings were offered by defendant and accepted

as evidence. The defendant offered and the court also accepted the transcript of the hearing on a motion to suppress in *People* v. *Konrad* (Ind. No. 2469/64, New York County). Both parties then rested. The transcript of the Konrad hearing revealed that Detective Orlick (the sole witness) testified that certain police officers had arrested someone who had marijuana in his possession and he had informed them that more marijuana could be found at Konrad's apartment. Orlick and other officers (including Mulligan) immediately proceeded to Konrad's residence as heretofore indicated. Konrad met the officers in the hallway. They identified themselves and informed Konrad that a narcotics investigation was being conducted. Konrad said he was "a nervous wreck" because of an armed robbery at his apartment the prior evening whereby eight or nine pounds of marijuana had been stolen from him. He invited the officers into his apartment and voluntarily turned over the remaining amount of marijuana in his possession. The hearing Judge in New York County granted the motion to suppress and, in effect, ruled that the police officers had obtained that evidence pursuant to a trespass on Konrad's property. Considering the matter *de novo,* Judge SHAPIRO in denying the motion ruled: " If there were in fact a violation of the constitutional rights of Konrad which prohibited the use against him of the statements made by *him* to Detective Mulligan, those statements could still serve as probable cause for the search thereafter made of Cardaio's home for a gun, since he has no standing to complain of the violation of Konrad's constitutional rights." On this appeal defendant contends that Mulligan's testimony should be stricken from the record because the statements made by Konrad to him, while the police officers were illegally on Konrad's property, must be suppressed as tainted evidence under the fruit of the poisonous tree doctrine (see *People* v. *Rodriguez,* 11 N Y 2d 279). On the previous appeals this court concluded that probable cause for the arrest of defendant without a warrant had been established (see *Warden* v. *Hayden,* 387 U. S. 294; *United States* v. *Rabinowitz,* 339 U. S. 56; *Brinegar* v. *United States,* 338 U. S. 160, 175–176; *People* v. *Gallmon,* 19 N Y 2d 389; *People* v. *Valentine,* 17 N Y 2d 128; *People* v. *Santiago,* 13 N Y 2d 326). Accordingly, as the parties concede, the sole question for determination is whether standing is still a requisite for movants desiring to suppress evidence where constitutional rights of another have been violated. We have concluded in the affirmative. It has consistently been held that the protection against unreasonable searches and seizures is a *personal* constitutional right (*People* v. *Estrada,* 28 A D 2d 681; *People* v. *De Vivo,* 23 A D 2d 753; see *Simmons* v. *United States,* 390 U. S. 377, 389); and only the " victim " of the search or the person against whom the search is "directed" has standing to move to suppress the evidence (*Mancusi* v. *De Forte,* 392 U. S. 364, *Wong Sun* v. *United States,* 371 U. S. 471; *Jones* v. *United States,* 362 U. S. 257; *People* v. *Cefaro,* 21 N Y 2d 252 [rearg. granted 22 N Y 2d 884]; *People* v. *Estrada, supra*). Accordingly, unless the movant can demonstrate a personal constitutional infringement, he cannot be heard to complain that a violation of another's constitutional protection has prejudiced him. The allegedly illegal search of Konrad's apartment and the statements made to the police while they were illegally on his premises in nowise affects the personal privileges of this defendant. Assuming, *arguendo,* that the police activity as to Konrad was in violation of his constitutional rights (and we do not pass upon that factual background), defendant lacks standing to raise the issue and Konrad's statements, as earlier indicated, established probable cause for the arrest of defendant; and the evidence seized as part of an incidental search may not be suppressed (*People* v. *Cefaro, supra; People* v. *Swiontuk,* 20 N Y 2d 840). Furthermore, although one reason for the exclusionary rule is to deter illegal police action (*Linkletter* v. *Walker,* 381 U. S. 618, 636; *Harrison* v. *United*

*States*, 392 U. S. 219), the Supreme Court has not yet emasculated the concept of standing and evidence seized in violation of another's rights is admissible at trial (see *Simmons* v. *United States, supra*, p. 390 [footnote 12]; *Mancusi* v. *De Forte, supra; People* v. *Cefaro, supra*). Moreover, it has even been held, in certain cases where the movant *had* standing, that evidence wrongfully obtained in violation of an individual's personal rights could not be suppressed (see *Sackler* v. *Sackler*, 15 N Y 2d 40; *People* v. *Horman*, 29 A D 2d 569). Consequently, as we are constrained by the decisions of the Supreme Court and our own Court of Appeals which hold that "standing" remains a viable concept, "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police" (*Wong Sun* v. *United States*, 371 U. S. 471, 487–488, *supra*). Beldock, P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.