THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARLSON TANNER, JR., Appellant, v. LEON VINCENT, as Superintendent of Green HAVEN CORRECTIONAL FACILITY, Respondent.

Second Department, April 8, 1974.

*William E. Hellerstein* and *Robert Kasanof* (*G. Clark Cummings* of counsel), for appellant.

*Michael F. Armstrong, District Attorney* (*Stephen B. Shiffrin* of counsel), for respondent.

HOPKINS, J. The relator was indicted for common-law murder, felony murder and possession of a weapon as a felony, following the homicide of a taxi driver during a holdup. He was convicted of manslaughter in the first degree, robbery in the first degree and possession of a weapon as a felony. He was sentenced on April 10, 1969 to consecutive terms of imprisonment of 25 years on the robbery count and 15 years on the manslaughter count, and to a concurrent term of imprisonment of 7 years on the weapon count.

In this habeas corpus proceeding brought in 1972, the relator claims that his conviction for robbery in the first degree must be vacated, because he was not indicted for that crime and robbery is not a lesser included offense within the crime of felony murder for which he was indicted. His petition was denied by the Criminal Term. We affirm.

After his conviction the relator appealed to this court and his conviction was affirmed (*People* v. *Tanner*, 36 A D 2d 690). He did not raise on that appeal the claim which he now pursues by habeas corpus. Indeed, the record is clear that he did not raise the claim at his trial.[1] He then appealed to the Court of Appeals, which affirmed his conviction (*People* v. *Tanner*, 30 N Y 2d 102). Although he contended in the Court of Appeals that the charge of the trial court with respect to robbery was erroneous, he again did not raise the point of this proceeding (*id.*, p. 107).

---

1. The record indicates that the trial court charged, without exception, that robbery was a lesser included crime of felony murder, and that all counsel were under the impression that the charge was **proper**.

If the relator had made his claim at the trial and on appeal, the claim would have been supported by authority (*People* v. *Nichols*, 230 N. Y. 221; *People* v. *Lytton*, 257 N. Y. 310; *People* v. *Dennis*, 40 A D 2d 959) and a reversal of his conviction for robbery would have been in order. That, however, is not the question here.

The question before us is whether the jurisdiction of the court rendering the judgment of conviction for robbery was so deficient that habeas corpus will lie to vacate the conviction. Concededly, the court had jurisdiction of the person of the relator. Whether it had jurisdiction of the subject matter of the crime is another matter, to which we must address ourselves.

The problem, as seen by the relator, is put in terms of indictment and conviction based on the crimes alleged in the indictment. He argues that he may not be constitutionally convicted for a crime not stated in an indictment (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314, 319). Hence, he says that his conviction for robbery is a nullity. We do not believe that the problem can be encased within such a simple, black-and-white framework.

In *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361), for example, the relator in a habeas corpus proceeding had been indicted for burglary in the third degree and for receiving stolen property. He pleaded guilty to the crime of attempted grand larceny in the second degree on the second count of the indictment. He challenged his conviction by habeas corpus on the ground that the court lacked jurisdiction to convict him on his plea, since it was not for a crime necessarily included in those charged in the indictment. The County Court held the conviction to be invalid and the Appellate Division affirmed (*id.*, 267 App. Div. 803). The Court of Appeals reversed and dismissed the writ. The opinion of Chief Judge Lehman states (pp. 366–367): " The relator was properly held to answer for the crime charged in the indictment. He sought and obtained the benefit that might accrue to him from a finding of guilt of a crime connected with the same transaction, though not necessarily included in the crime charged in the indictment. The court had jurisdiction to determine whether in those particular circumstances it was authorized to render a judgment which it was certainly competent to render in some circumstances. Its judgment was not a nullity and the defendant who asked the court to render an erroneous judgment in a pending judicial proceeding may not thereafter, when it suits his convenience, challenge the judgment by habeas corpus."

Though in this case the relator did not plead guilty, the facts in *Wachowicz* are otherwise similar. Faced with the serious charge of felony murder, the relator might well have decided, as a course of strategy, that he might be benefited if the jury were presented with a choice of a lesser crime for which it might find him guilty in preference to felony murder. Even though the decision might not have been made with the knowledge that the relator obtained later that the choice was not open to the jury in strict legal terms, yet the decision was surely pragmatic and advantageous to the relator, for it turned out that the jury chose to hold him on the lesser charge.

It is true that in *People v. Englese* (7 N Y 2d 83, 87) *Wachowicz* was said to be limited to cases in which pleas of guilty had been taken. *Englese* did not, however, consider the point raised here, but rather whether the defendant's plea could stand to a defective indictment which mistakenly labeled as a felony facts which constituted nothing more than a misdemeanor.

It is instructive to bear in mind that an appeal is ordinarily the method by which errors relating to trials of offenses not found by the Grand Jury in its indictment are corrected, rather than by the extraordinary means of habeas corpus. The difference may readily be seen by contrasting *People v. Miles* (289 N. Y. 360) with *People ex rel. Prince v. Brophy* (273 N. Y. 90). In *Miles,* a direct appeal, it was held that the defendant's counsel could not consent to the amendment of the indictment to add an independent offense. On the other hand, in *Prince,* a habeas corpus proceeding, the court sanctioned an amendment charging an included offense not objected to by counsel. Indeed, in *People ex rel. Harrison v. Jackson* (298 N. Y. 219) it was said that habeas corpus was not the proper vehicle to contest the validity of a conviction on the ground that the defendant could not have been constitutionally tried, since he had been under the age of 16 (cf. *People v. Foster,* 19 N Y 2d 150).[2]

Having gained the advantage of instructions from the Trial Judge tempering the charge in the indictment — even though the instructions were erroneous — and having failed to raise any objection to these instructions in either of his two appeals, the relator should not be in a position to employ habeas corpus on the theory that the trial court's jurisdiction came to an end when it delivered the erroneous instructions and the jury followed them. This does not mean that we depreciate order by

---

2. In *People v. Brown* (21 A D 2d 738) it will be observed that the defendant raised the objection on appeal that he could not be legally convicted of attempted manslaughter in the first degree on an indictment charging murder.

making a supreme virtue of finality (but cf. Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv. L. Rev. 441). We think, instead, that in this case the trial court did not lose jurisdiction by making an error which the defendant could have corrected on appeal and elected not to attempt.

The judgment accordingly should be affirmed, without costs.

GULOTTA, P. J. (dissenting). One question presented by this appeal is whether a defendant charged with felony murder, although acquitted of that charge, may nevertheless be convicted of the underlying felony even though it is not a separately charged crime. I think not, on constitutional grounds. Secondly, after having his conviction affirmed through the Court of Appeals and never having raised the question, may he do so now by habeas corpus, alleging the trial court's lack of jurisdiction over the subject matter? My conclusion is in the affirmative.

The relator was indicted on three counts — common-law murder, felony murder and possession of a weapon as a felony.

The felony murder count charged that the relator on or about March 15, 1968, acting in concert with others, "while engaged in the commission of the crime of Robbery and in the course of such crime and in the furtherance thereof, and in immediate flight therefrom, caused the death of GEORGE BLUM, not a participant in the crime, by shooting him with a pistol."

The proof at the trial amply demonstrated that the relator and a companion held up a taxi driver and that, after the robbery was completed and although the taxi driver offered no resistance, the relator opened the door of the taxi and shot and killed the driver. However, the question is not whether the relator committed these reprehensible acts, but whether he was legally tried and convicted for them.

The relator correctly contends that the conviction for robbery was in contravention of his constitutional rights set forth in section 6 of article I of the New York State Constitution and the due process clause of the Fourteenth Amendment of the United States Constitution.

There can be little doubt that a defendant may not be convicted of a capital or otherwise infamous crime unless on indictment of a grand jury (see N. Y. Const., art. I, § 6). Seeming exceptions to this rule provided for by statute and by case law which permit conviction for an inferior degree of the same crime or an attempt to commit it (former Code Crim. Pro., § 444), or for conviction of a lesser crime necessarily included in the

crime charged (former Code Crim. Pro., § 445, now CPL 300.50), do not violate the constitutional mandate, since a defendant is sufficiently notified of the nature and character of the crimes to the end that he can prepare his defense. These sections are merely declaratory of the common-law rule applicable to crimes of the same generic character (see *People* v. *Miller,* 143 App. Div. 251, affd. 202 N. Y. 618).

However, as was unequivocally pointed out in *People* v. *Nichols* (230 N. Y. 221), the underlying felony in a felony murder is not such a "lesser included crime". Its function is merely to prove one element of the homicide, i.e., malice or a willful and felonious intent (see, also, *People* v. *Lytton,* 257 N. Y. 310; *People* v. *Jackson,* 20 N Y 2d 440, 450). In *Nichols,* in answer to the defendant's argument that it was error not to submit the robbery issue to the jury as a separate crime, the court said (pp. 225–226): "We think there is no foundation for this argument and that it entirely misinterprets the part which evidence of engagement in the commission of another felony performs in establishing the crime of murder, for which the defendant was indicted and of which he has been convicted. The commission of the crime of burglary or robbery was not 'necessarily included' in the crime of murder with which defendant was charged. It was not included therein at all in the sense in which defendant argues. The crimes of murder and burglary are substantively and generically entirely separate and disconnected offenses." This illustrates the fallacy of the People's position in this case that it was proper for the jury to have found the defendant guilty of robbery as though it were a separately charged crime.

It is my opinion that habeas corpus does lie to vacate the conviction for robbery, despite the failure to raise the error at the trial or on direct appeal from the judgment.

Fundamental questions of jurisdiction of the subject matter are not waived in a criminal case by the defendant's failure to object or even his acquiescence in the procedure. As was stated by the Court of Appeals in *People ex rel. Battista* v. *Christian* (249 N. Y. 314, 318–319): "Many judicial opinions can be found in which declarations are made that constitutional rights and privileges may be waived. Most of these expressions occur in civil actions (*Matter of N. Y., L. & W. R. R. Co.,* 98 N. Y. 447, 453; *Mayor, etc.* v. *Manhattan Ry. Co.,* 143 N. Y. 1, 26; *People ex rel. McLaughlin* v. *Police Comrs.,* 174 N. Y. 450, 456), but some also appear in criminal cases (*Pierson* v. *People,* 79 N. Y. 424, 429; *Diaz* v. *U. S.,* 223 U. S. 442; *People* v. *Gowasky,*

244 N. Y. 451, 463). From this mass of opinions and decisions, the rule can be deduced that waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him. The public policy of the State as expressed in the Constitution, takes precedence over his personal wish or convenience. Article 1, section 6, proceeds far beyond the point of conferring a mere personal privilege. Unqualifiedly, it prohibits the trial of any one charged with infamous crime except on presentment or indictment by a grand jury. Until the grand jury shall act, no court can acquire jurisdiction to try. In the most solemn and absolute language the Constitution dictates the only method by which one can be held to answer for murder, burglary, arson or any other infamous crime. Without the prescribed action by a grand jury, all our other tribunals are powerless to proceed. Such action is the foundation of jurisdiction.''

Even affirmance of a judgment void for want of jurisdiction does not change its character and release may thereafter be obtained by habeas corpus on the ground of want of jurisdiction (39 C. J. S., Habeas Corpus, § 16, p. 457).

Strict adherence to these tenets has not been total. In *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361) it was held that where, in satisfaction of the indictment, the defendant pleaded guilty to a crime for which he had not been indicted and which was not a lesser included crime he would not be permitted to challenge the legality of the procedure by habeas corpus, since it would have been correctable on appeal. However, later cases have limited this exception to cases where a guilty plea was taken (*People* v. *Englese*, 7 N Y 2d 83). *People* v. *Foster* (19 N Y 2d 150) also makes the point that, although a defendant can bargain for a plea of guilty to a nonexistent uncharged crime, the situation would be different where a jury's verdict is involved, citing *People* v. *Brown* (21 A D 2d 738).

Our present case is also to be distinguished from *People ex rel. Harrison* v. *Jackson* (298 N. Y. 219), which disallowed a writ of habeas corpus where a court having general jurisdiction of the person and the subject matter made a factual determination as to the defendant's age in connection with sentencing. It was held that such determination was proof against collateral attack, but the case is different where the

defect in jurisdiction appears on the face of the record as it does here.

Another aspect of this question was presented in *People ex rel. Prince* v. *Brophy* (273 N. Y. 90), which held that where a defendant requests that a plea of guilty be accepted to a crime not charged in the indictment, but which indictment could have been amended to include such charge on his consent or, in view of the facts, even without his consent, a writ of habeas corpus would not be sustained.

No case appears to have gone so far as to hold that the constitutional right to be convicted of a capital or otherwise infamous crime only after indictment by a grand jury is lost by reason of the failure of a defendant to object to the submission of the uncharged crime to a jury, or as to construe the matter as other than jurisdictional when there is a trial on the merits.

Contrary to the majority view that " the trial court did not *lose* jurisdiction by making an error which the defendant could have corrected on appeal and elected not to attempt " (emphasis supplied), it is my position that the trial court never *acquired* jurisdiction

There is no merit to the relator's contention that if the robbery conviction falls the rest of the judgment may not stand.

Therefore, I would reverse and sustain the writ only to the extent of vacating the relator's robbery conviction and sentence.

MARTUSCELLO, BRENNAN and MUNDER, JJ., concur with HOPKINS, J.; GULOTTA, P. J., dissents and votes to reverse the judgment and sustain the writ to the extent of vacating the robbery conviction and sentence, with an opinion.

Judgment affirmed, without costs.