■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BEST, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 25, 1973, convicting him of robbery in the first degree, burglary in the first degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction and sentence for petit larceny and dismissing the count therefor in the indictment. As so modified, judgment affirmed. Petit larceny is a lesser included offense of robbery (CPL 300.40, subd 3, par [b]; *People v Grier*, 37 NY2d 847). Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ERIC FEAR, Appellant.—Appeal by defendant, as limited by his motion, from a sentence (Indictment Nos. 488-75 and 533-75) of the County Court, Suffolk County, imposed June 30, 1975, upon his convictions of attempted burglary in the third degree and petit larceny, upon his pleas of guilty, the sentence being concurrent jail terms of one year and 60 days, respectively. Sentence affirmed as to the conviction of petit larceny. Sentence as to the conviction of attempted burglary in the third degree modified, as a matter of discretion in the interest of justice, by changing it to a five-year period of probation, and case remanded to the County Court to fix the conditions of probation and for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50). In our opinion, defendant should have been sentenced to a period of probation on the attempted burglary conviction. He has already served the sentence imposed under the petit larceny conviction. Cohalan, Acting P. J., Margett, Christ, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LAW, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 20, 1975 on resentence, convicting him of robbery in the first degree (two counts) and grand larceny in the third degree (two counts), upon a jury verdict, and imposing indeterminate sentences of 12½ years to 25 years upon the robbery counts and 3½ years to 7 years upon the larceny counts, all sentences to run concurrently. Judgment modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentences to concurrent indeterminate terms (1) with a minimum of seven years and a maximum of 14 years upon each of the robbery counts and (2) with a minimum of two years and a maximum of four years upon each of the grand larceny counts. As so modified, judgment affirmed. Upon the resentence, defendant was sentenced as a prior felony offender. We have reduced his sentence in light of his young age (20 years) and in the interest of justice. We additionally note that the maximum permissible sentence for grand larceny in the third degree, a class E felony, is four years (see Penal Law, §§ 70.00, subd 1; 70.06, subd 3, par [d]; 155.30). The impermissible seven-year sentence has, accordingly, been reduced to the extent indicated. We have reviewed the other arguments raised by defendant and find that there was sufficient evidence to sustain the conviction as to all counts. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.