(December 23, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLLIE POUNDS, Also Known as JAMES HORNSBY, Also Known as L. W. POUNDS, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 31, 1974, unanimously modified, on the law, to reverse the conviction of the crime of petit larceny, and otherwise affirmed. As the District Attorney concedes, upon the facts of this case defendant's conviction on the robbery charge necessarily requires a dismissal of the inclusory concurrent count of petit larceny. (People v Grier, 37 NY2d 847.) We have considered the other points urged by the appellant and find them without merit. Concur—Markewich, J. P., Kupferman, Murphy, Nunez and Yesawich, JJ.

■ IRVING H. DALE, Appellant, v AETNA INDUSTRIAL CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered April 25, 1974 unanimously modified, on the law, to reverse that portion which granted the motion of defendants-respondents Kahn and Weismann to dismiss the third cause of action stated in the complaint (denominated a second cause against all defendants), to deny that motion, and to reinstate that cause, and otherwise to affirm, without costs and without disbursements. Order of the same court, entered May 31, 1975, unanimously reversed, on the law, the motion to dismiss the third cause of action stated in the complaint against defendant-respondent William Bayley Company (denominated a second cause against all defendants) denied, without costs and without disbursements. The cross appeal of defendants other than Bayley from that portion of the April 25, 1974 order which denied dismissal of a first cause against defendant Aetna Industrial Corp. has been abandoned. Plaintiff had a written employment contract with defendant Aetna, renewable automatically annually, subject to cancellation on notice of one month prior to the renewal date. Aetna elected so to cancel, and there is an issue in plaintiff's suit against Aetna (first cause of action) as to the effectiveness of the cancellation. A second cause is asserted against defendants-respondents Kahn and Weismann individually and as trustees of a voting trust of all of Aetna's stock. (This cause is entitled a "first cause" against the individual defendants.) Kahn and Weismann are also directors of Aetna. That cause charges tortious interference with plaintiff's contract with Aetna. Special Term granted a motion to dismiss that cause because no showing had been made that Kahn and Weismann had acted in respect of the contract other than by virtue of their positions as directors and trustees. Plaintiff could succeed on this cause only by proof of an independent tort, not for the mere carrying out of corporate duty. (See Greyhound Corp. v Commercial Casualty Ins. Co., 259 App Div 317.) Dismissal was proper. The Bayley Company appears as defendant only in the third cause. It is claimed that a sale of Bayley's assets was in the wind, and that such a transaction would have resulted, under plaintiff's employment, in a substantial emolument to him. Plaintiff pleads an oral agreement to keep him notified of any prospective sale, inclusive of details of Bayley's financial condition. He sues for specific performance of that oral agreement, construed by Special Term, however, to fall under subdivision 10 of section 5-701 of the General Obligations Law and therefore required to be in writing. But plaintiff seeks no payment from any party, but merely the furnishing of information, and, as to this, he asks specific performance. The only payment he claims for anything is from Aetna, whose agreement with him is written. The cause should not have been dismissed, and should be reinstated. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.