OPINION OF THE COURT
Louis B. Scheinman, J.
Defendant moves by order to show cause for an order setting aside the jury verdicts of guilty for the crimes of kidnapping in the first degree and robbery in the first degree on the grounds that they are merged in the verdict of guilty of murder in the second degree (felony murder).
Defendant was indicted for and convicted of the crimes of intentional murder, felony murder, kidnapping in the first degree and robbery in the first degree.
The evidence at the trial, even viewed favorably to the position of the defendant regarding the issue of merger, established that on October 13, 1975, at between 4:30 and 5:00 p.m. the defendant and an accomplice, Richard Graham, accosted a bank messenger, one Craig Mitten, who was carrying approximately $25,000 in cash, at a bank on the outskirts of New-burgh, Orange County, New York. Thereafter, the defendant and the accomplice, at about 8:00 p.m., arrived at the home of one of their girl friends near Walden, New York, a community about eight miles from the bank. Two days later the body of Craig Mitten was found in the Town of Mamakating, Sullivan County, and the medical testimony established the cause of death to be in the neighborhood of 7:30 p.m. on October 13. The location where the body was found is about 20 or 25 miles from the said bank.
Also, on October 15, 1975, the automobile used by the messenger was found in a wooded area at the end of a dirt dead-end road in an area approximately 10 miles from the bank, and on October 28, 1975 the brief case carried by the messenger, together with certain bank deposit bags which had *336 been cut open, was found off another and different road in the Newburgh area. Fingerprints of the deceased were found in the trunk of the 1974 Lincoln automobile owned and used by this defendant.
Thus, the evidence showed that the confrontation between defendant and his accomplice, on the one hand, and the messenger on the other, occurred on the outskirts of New-burgh at the bank two or three hours before the death of the messenger, that the messenger had been confined to the trunk of the defendant’s automobile, and that the defendant and his accomplice had traveled a considerable distance with the messenger in captivity before the homicide, by gunshot, was accomplished. The evidence also showed that the deceased had been shot at the place where his body was found.
Defendant contends that verdicts of guilty for robbery and kidnapping are merged in the guilty verdict for felony murder. Defendant relies upon People v Cassidy (40 NY2d 763) for the proposition that when one crime is ancillary to the ultimate or actual crime committed, a defendant may only be convicted of the true crime committed, and not the preliminary or preparatory crime or crimes. In Cassidy (supra) a kidnapping conviction was precluded where it was merely a means to accomplish the intended crimes of assault and attempted sexual abuse.
The merger doctrine does not apply to the case at bar since "the rule has no purpose of ignoring as independent crimes alternative or optional means used in committing another crime which, by the gravity and even horrendousness of the means used, constitute and should constitute a separately cognizable offense.” (People v Miles, 23 NY2d 527, at p 539.) The facts of the instant case clearly fall into this exception. The crimes of kidnapping and robbery were certainly not incidental to the crime of intentional murder, but were independent crimes which, due to the particular fact pattern here, should clearly constitute separate offenses from that of intentional murder, as well as felony murder. In fact, consecutive sentences for the intentional murder and the robbery are permitted by case law (People v Tanner, 30 NY2d 102, 108).
Nor, as pointed out by Mr. Justice Gulotta in his dissent in the case of People ex rel. Tanner v Vincent (44 AD2d 170, 175) is the underlying felony in a felony murder a "lesser included crime” (which we now refer to as a "lesser included offense”), citing People v Lytton (257 NY 310); People *337 v Jackson (20 NY2d 440, 450) and People v Nichols (230 NY 221). (Both the majority and the dissenting Justices agreed that the robbery was not a lesser included offense to the felony murder charge.)
The adoption of the Criminal Procedure Law, specifically CPL 1.20 (subd 37) defining the term "lesser included offense” does not change the underlying reasons for constituting the predicate felony as a separate offense from the felony murder. By definition in the statute, when it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of a lesser grade or degree, the lesser offense is considered a "lesser included offense”. One can commit a felony murder during the course or commission of any number of specified felonies, and, of course, it is entirely possible to commit felony murder without committing either kidnapping or robbery.
In People v Johnson (39 NY2d 364, 368), the court said, of lesser included offenses: "Years ago, this court held that the word 'offense’, as then used in a statute allowing conviction of an offense inferior to that charged in the indictment, means 'the criminal act of the accused, and not the crime as defined by law’ (Dedieu v People, 22 NY 178, 185). Recently, in the same vein, it was concluded that one crime was a lesser included offense of another 'on the particular facts of this case on which we focus rather than merely superimposing the "impossibility” formula of lesser included offense upon the abstract statutory language’ (People v Stanfield, 36 NY2d 467, 472; see People v Cionek, 35 NY2d 924; People v Hayes, 35 NY2d 907).”
Thus, in abstract terms, even though it is impossible to commit a felony murder without also committing one of the listed predicate or underlying felonies mentioned in the statute (Penal Law, § 125.25, subd 3), this does not justify a blanket rule that any underlying or predicate felony of felony murder is a "lesser included offense” of felony murder, or that to be so in any case.
Historically, the commission of the predicate felony merely proved an element of the felony murder, i.e., malice or a willful and felonious intent, and was not a lesser included offense (Nichols, supra, Lytton, supra).
The adoption of the Criminal Procedure Law and its definition of a lesser included offense in CPL 1.20 (subd 37) thereof did not expand the definition, but, in fact, limited the offenses *338 to be considered. Prior to the CPL, the general rule, as expressed in the leading case of People v Mussenden (308 NY 558) described the lesser or included crime to be any crime of a lesser grade or degree which, upon any view of the facts, may have been committed. However, the new CPL definition added the new and additional "impossible to commit” criterion, thereby limiting, rather than expanding, those offenses which may be considered "lesser included” offenses (see, e.g., People v Johnson, supra). Therefore, the newer CPL provisions defining the lesser included offense would not change, or liberalize, the pre-existing rules established by case law to the effect that the predicate felony or felonies are not lesser included offenses to the felony murder; that they cannot, therefore, be inclusory concurrent counts in the indictment (CPL 300.30, subd 4), and are not dismissible.
Consequently, felony murder is a separate and distinct crime from the kidnapping and robbery and is substantively and genetically entirely separate and disconnected, except only that the commission of the predicate felony is more in nature of a condition precedent to the felony murder crime.
Accordingly, it is the opinion of this court that kidnapping and robbery in the case at bar are not inclusory concurrent counts, as they are not lesser included offenses. In this regard, this court is mindful of holdings to the contrary in People v Berzups (63 AD2d 718) and People v Barnes (60 AD2d 654). Instead, this court will follow the reasoning of the above-cited cases decided by the Court of Appeals, and, also, People v Donovan (53 AD2d 27) in which both the convictions for felony murder and the underlying felony of robbery were upheld.
An additional consideration here is that if the predicate felonies of kidnapping and robbery were merged with the felony murder, and said predicate felony counts dismissed, there could not be consecutive sentences imposed for the intentional murder, an afterthought to the robbery, and the robbery, as clearly permitted by People v Tanner (30 NY2d 102, 108, supra).
Still a further consideration, as exemplified in the case at bar, is where there are more than one underlying or predicate felonies to the felony murder. Surely, in the commission of a series of horrendous felonies culminating or resulting in the death of a nonparticipant, there is little compelling reason to apply the "lesser included offense” rule to each and *339 all of the predicate felonies, or to attempt to choose amongst them.
Nor is there any merger as between the kidnapping and the robbery here. The facts do not support a finding that the kidnapping of almost three hours was incidental to the robbery of Craig Mitten. It appears that the abduction and detention of the victim in the trunk of the car continued for a period of time far in excess of the time necessary to commit the robbery. Therefore, both crimes are separately cognizable offenses and the guilty verdicts for neither should be set aside.
Accordingly, the motion is denied.