THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED KEMPER PERDUE, Appellant.

Fourth Department, November 16, 1979

478

## APPEARANCES OF COUNSEL

*Alfred Kremer* for appellant.

*Lawrence T. Kurlander, District Attorney (Sharon Stiller* of counsel), for respondent.

## OPINION OF THE COURT

HANCOCK, JR., J. P.

Defendant was convicted of first degree manslaughter, felony murder, two counts of first degree robbery and petit larceny in connection with the fatal shooting of a grocer during an armed holdup of his store in Rochester on November 30, 1974.[1] Among the questions defendant raises on appeal is whether the two robbery counts should have been dismissed pursuant to CPL 300.40 (subd 3, par [b]) as lesser inclusory concurrent counts of felony murder. Notwithstanding decisions to the contrary in the Second and Third Departments of the Appellate Division (e.g., *People v Graham,* 69 AD2d 544; *People v De Gata,* 64 AD2d 929, mot for lv to app den 45 NY2d 841; *People v Berzups,* 63 AD2d 718; *People v Mac-*

---

1. The jury convicted defendant: of first degree manslaughter (Penal Law, § 125.20) under count 1 of the indictment as a lesser included offense of intentional murder (Penal Law, § 125.25, subd 1); of felony murder (Penal Law, § 125.25, subd 3) under count 2; of first degree robbery (Penal Law, § 160.15, subds 1, 2) under counts 3 and 4; and of petit larceny (Penal Law, § 155.25) under count 5. The holdup was committed in the company of codefendant Kenneth Carter who was tried with defendant. Carter was convicted of felony murder, first degree robbery and petit larceny. The Carter appeal has been held and the matter remitted to the Monroe County Court for additional testimony in the *Huntley* hearing pertaining to the admission of Carter's confessions (see *People v Carter,* 72 AD2d 962, decided herewith). A third participant in the holdup was not tried with Carter and Perdue.

*Donald,* 61 AD2d 1081; *People v Barnes,* 60 AD2d 654), we conclude that a dismissal would have been improper.

CPL 300.40 (subd 3, par [b]) provides that: "With respect to inclusory concurrent counts * * * [a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon." A count is an "inclusory concurrent count" when "the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater." (CPL 300.30, subd 4.) Thus, to constitute an "inclusory concurrent count" so as to fall within the operation of CPL 300.40 (subd 3, par [b]), a count must be a lesser included offense as defined in CPL 1.20 (subd 37), which in pertinent part states: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.' " (See *People v Perez,* 45 NY2d 204, 208-210, 211-212.)

We hold that robbery is not a lesser included offense of felony murder as the term is defined in CPL 1.20 (subd 37) and that, therefore, CPL 300.40 (subd 3, par [b]) was not operable. Our holding is founded in earlier decisions of the Court of Appeals involving the Code of Criminal Procedure and the Penal Law of 1909 *(People v Nichols,* 230 NY 221 and *People v Lytton,* 257 NY 310) as well as more recent Appellate Division decisions *(People v Donovan,* 53 AD2d 27[2] and *People ex rel. Tanner v Vincent,* 44 AD2d 170, 172, 175, affd 36 NY2d 773). (See, also, *People v Lucas,* 95 Misc 2d 334.)

In *People v Nichols (supra,* pp 225-226) the Court of Appeals, in holding that the trial court had properly refused in its charge to the jury to submit robbery and burglary pursuant to section 445 of the Code of Criminal Procedure[3] as crimes "necessarily included" in the crime of felony murder

---

2. In *People v Donovan* (53 AD2d 27) the Appellate Division, Third Department, upheld convictions for both robbery and felony murder. The court did not discuss the issue of whether the robbery should have been dismissed as a lesser inclusory concurrent count.

3. Section 444 of the Code of Criminal Procedure provided: "Upon an indictment for a crime consisting of different degrees the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto". Section 445 of the code, the section applicable to the issue in *Nichols* provided: "In all other cases, the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment."

under section 1044 of the Penal Law of 1909,[4] stated: "We think there is no foundation for [defendant's] argument [that the felony which he was in the process of committing at the time of the murder was a necessary ingredient of the murder] and that it entirely misinterprets the part which evidence of engagement in the commission of another felony performs in establishing the crime of murder, for which the defendant was indicted and of which he has been convicted. The commission of the crime of burglary or robbery was not 'necessarily included' in the crime of murder with which defendant was charged. It was not included therein at all in the sense in which defendant argues. *The crimes of murder and burglary are substantively and generically entirely separate and disconnected offenses*" (emphasis added) and further (p 226): "The purpose of proving participation in the commission of another felony which leads up to and results in the homicide is entirely different than the one suggested by the defendant. There can be no murder without evidence of malice and of a felonious intent and a depraved mind. The indictment was sufficient in form when it simply accused defendant of having killed the deceased 'willfully, feloniously and with malice aforethought.' *(People v Giblin,* 115 N.Y. 196, 198; *People v. Schermerhorn,* 203 N.Y. 57, 72.) On the trial it was necessary to prove such malice and willful and felonious conduct and this necessity was satisfied in accordance with the provision of the statute by showing that the homicide occurred while the defendant was engaged in the commission of another felony. *(People v. Conroy,* 97 N.Y. 62, 68, 69; *People v Giblin,* 115 N.Y. 196.)" (See *People v Lytton, supra; People ex rel. Tanner v Vincent, supra.)*

There is, in our opinion, no reason why the rule should be different under CPL 300.40 (subd 3, par [b]). Although the Court of Appeals in *People v Shuman* (37 NY2d 302)[5] declined to pass on the precise issue, we believe that the recent

---

4. Section 1044 of the Penal Law of 1909 stated: "The killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when committed: * * * 2. * * * without a design to effect death, by a person engaged in the commission of, or in an attempt to commit a felony, either upon or affecting the person killed or otherwise".

5. In *People v Shuman* (37 NY2d 302, 305, *supra),* the Court of Appeals held that under the facts of the case, it was not error for the trial court to refuse to instruct the jury on the felonies underlying the felony murder with which the defendant was charged, and stated that: "we need not reach the question of whether a predicate felony could be considered as a lesser included offense."

decision of the court in *People v Perez* (45 NY2d 204, *supra)* lends support to our view. In *Perez* the Court of Appeals held that criminal possession of a weapon as a misdemeanor (Penal Law, § 265.01, subd [2]) is not an inclusory concurrent count of first degree robbery (Penal Law, § 160.15). The court stated that (p 209): "where a defendant uses a weapon unlawfully to commit a crime of violence, such as robbery, that conduct in itself provides the basis for an indictment charging the defendant with both robbery and possession of a weapon with intent to use it against a person unlawfully" and that (p 210): "the crimes of robbery and possession of a weapon constitute separately cognizable and statutorily proscribed wrongs. These crimes differ not merely in the requisite mental state of the actor, but, more importantly, in their underlying conduct and result. Certainly, no one would consider robbery as *nothing more than possession of a weapon with certain aggravating factors, as one would burglary and trespass.* (See *People v Henderson* [41 NY2d 233].)" (Emphasis added.)

Just as robbery and possession of a weapon are separately cognizable wrongs, differing in the requisite mental state of the actor and in the underlying conduct and result, so are robbery and felony murder (see *People v Perez, supra).* Robbery and murder are "substantively and generically entirely separate and disconnected offenses" *(People v Nichols,* 230 NY 221, 226, *supra).* Because of their intrinsic differences, no one could consider felony murder as nothing more than robbery "with certain aggravating factors, as one would burglary and trespass." *(People v Perez, supra,* p 210.)

Accordingly, we hold that defendant's convictions for first degree robbery should not be dismissed as inclusory concurrent counts of felony murder.

■ Defendant also contends that his conviction for petit larceny (Penal Law, § 155.25) should be reversed under CPL 300.40 (subd 3, par [b]) in view of the robbery convictions. Inasmuch as petit larceny is unquestionably a lesser inclusory concurrent count of robbery, that count should be dismissed (see *People v Greene,* 57 AD2d 631; *People v Stubbs,* 51 AD2d 1063; *People v Best,* 50 AD2d 822; *People v Pounds,* 50 AD2d 782, cert den 429 US 838).

■ There is also a claim that defendant's Fourth Amendment rights were violated by the illegal police conduct in seizing and searching the car which he owned and which was being driven by codefendant Carter on the night of Carter's

arrest. A purse belonging to the victim's wife as well as other incriminating items of evidence which led the police to defendant Perdue was found in the trunk of the car by the police. Additionally defendant asserts that certain inculpatory evidence, including weapons, which were seized by the police at the time of his arrest were taken in violation of his Fourth Amendment rights. Defendant made no motion to suppress the physical evidence obtained from the search of his vehicle or seized at his arrest and failed to object to the admission of any of this evidence at the trial. The error, therefore, was not preserved for our review (see CPL 470.05; *People v Danziger,* 41 NY2d 1092; *People v Loewel,* 41 NY2d 609, 611; *People v Frisbee,* 55 AD2d 996; *People v Peterson,* 25 AD2d 437).

■ There is no merit to defendant's contention that his confessions should be suppressed as the product of the allegedly unlawful police conduct in stopping and detaining codefendant Carter which resulted in Carter's confessions and in the discovery of incriminating evidence leading to his (Perdue's) arrest and ultimately to his confessions. Defendant may not avail himself of the claimed violations of Carter's Fourth Amendment rights as grounds for the suppression of his confessions. *(Wong Sun v United States,* 371 US 471; *People v Aponte,* 69 AD2d 204; *People v Cardaio,* 30 AD2d 843, affd 24 NY2d 988, and cases cited therein.)

Defendant's other arguments present no basis for reversal. The judgment should be modified to dismiss the conviction for petit larceny and otherwise affirmed.

SCHNEPP, CALLAHAN, DOERR and WITMER, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with opinion by HANCOCK, JR., J. P.