■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD JOHN-SON, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant and his brother were charged in a six-count indictment with three counts of second degree murder, including one intentional murder count (Penal Law, § 125.25, subd 1) and two felony murder counts (Penal Law, § 125.25, subd 3) with the underlying felonies being robbery and burglary respectively, and single counts of robbery in the first degree (Penal Law, § 160.15), burglary in the first degree (Penal Law, § 140.30), and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01). The charges arose from the execution-style slaying of a 61-year-old woman during the course of burglarizing her home. A jury rendered a verdict finding defendant guilty of two counts of murder in the second degree (felony murder) under subdivision 3 of section 125.25 of the Penal Law. Defendant was sentenced to two concurrent indeterminate terms of imprisonment with a minimum of 25 years and a maximum of life on each conviction. In an apparent effort to avoid repugnant verdicts, the trial court instructed the jury that in the event they found defendant guilty of felony murder under either felony murder count, they need not consider the underlying predicate felony counts of burglary and robbery, nor the weapons count of the indictment. From our review of the record, we do not find that defendant was prejudiced by those instructions. Indeed, he could also have been convicted of the predicate crimes had they been submitted to the jury (*People v Berzups,* 49 NY2d 417; *People v Perdue,* 70 AD2d 477). Thus, the instructions favored defendant and do not constitute reversible error. It is clear from the jury's verdict that they believed defendant was guilty of a homicide that occurred during the commission of a robbery and a burglary and it was only because of the trial court's explicit instructions that the jury did not consider defendant's guilt or innocence on these charges which did not merge in the felony murder counts. The instructions on felony murder were otherwise legally sufficient and did not improperly minimize the proof requirements of each crime. No particular degree of robbery or burglary is specified or required to constitute either one as an underlying felony in a felony murder prosecution (Penal Law, § 125.25, subd 3; *People v Berzups, supra*). Considering the brutal nature of the crime and defendant's extensive prior record, it cannot be said that the sentence of the court was an abuse of discretion. (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — murder, second degree.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.