■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant and his codefendant brother *(see, People v Johnson,* 89 AD2d 814, *lv denied* 58 NY2d 693) were jointly tried and convicted for the felony murder of a woman during the course of a burglary at her home. Following a pretrial *Huntley* hearing, a confession that defendant made to police following his arrest was found to be voluntary and admissible at trial. The court denied defendant's pretrial motion for a severance and permitted the statements of both defendant and his codefendant brother to be received in evidence at their joint trial on the basis that the statements paralleled each other in many respects. On appeal, defendant contends that denial of his motion for a separate trial constituted reversible error. We disagree.

The right of an accused to be confronted by the witnesses against him (US Const 6th Amend; NY Const, art I, § 6) is not violated when one of several defendants has made a full and voluntary confession which is almost identical to the confession of his implicated codefendant *(People v McNeil,* 24 NY2d 550, 552, *cert denied sub nom. Spain v New York,* 396 US 937; *see also, Parker v Randolph,* 442 US 62; *People v Smalls,* 55 NY2d 407; *People v Berzups,* 49 NY2d 417, 425; *People v Safian,* 46 NY2d 181, *cert denied sub nom. Miner v New York,* 443 US 912; *People v Ridgeway,* 101 AD2d 555, 563-564, *affd* 64 NY2d 952). Here, defendant's confession is so substantially similar to the confession of his codefendant brother that the "interlocking confession" exception to the rule pronounced in *Bruton v United States* (391 US 123) clearly applies. We reject defendant's argument that this *Bruton* exception should not apply where, as here, the defendant and codefendant both claim that the confessions were involuntary and adduced proof on the question of voluntariness before the jury.

We have examined defendant's other argument and find not only that it is not properly preserved for appellate review but were we to reach it we would find it to be without merit.

(Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree.) Present—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.