PEOPLE *v.* REID.

1. CRIMINAL LAW—CORPUS DELICTI—EVIDENCE OF EXTRA-JUDICIAL CONFESSION.

In prosecution of motorist for failure to stop at scene of an accident, where *corpus delicti* was fully established by testimony aliunde, testimony of defendant's statement at the prosecutor's office two days after the accident that, at about the time and place alleged, his car struck a pedestrian, was properly received before examining magistrate to identify defendant as the offender, hence motion to quash information

was properly denied (1 Comp. Laws 1929, § 4722, as amended by Act No. 161, Pub. Acts 1937).

2. SAME—PREJUDICIAL ARGUMENT TO JURY—LEAVING SCENE OF ACCIDENT—NEGLIGENT HOMICIDE.

Failure of court upon defendant's objection to keep prosecutor's closing argument to jury within issues presented in prosecution of motorist for failure to stop at scene of accident and permitting prosecutor to make highly prejudicial argument along wholly improper line of negligent homicide *held,* reversible error (1 Comp Laws 1929, § 4722, as amended by Act No. 161, Pub. Acts 1937).

Appeal from Recorder's Court for the City of Detroit; Maher (Thomas F.), J. Submitted October 17, 1940. (Docket No. 121, Calendar No. 41,054.) Decided December 10, 1940. Rehearing denied February 7, 1941.

Clyde Reid was convicted of failure to stop at scene of an accident. Reversed and new trial granted.

*Nicholas V. Olds,* for appellant.

*Thomas Read,* Attorney General, *Paul W. Voorhies* and *William E. Dowling,* Prosecuting Attorneys, and *William L. Brunner, Richard V. Nahabedian,* and *Ralph E. Helper,* Assistant Prosecuting Attorneys, for the people.

WIEST, J. In the recorder's court for the city of Detroit defendant was convicted of the crime of striking a pedestrian with his automobile and knowingly and willfully failing to stop at the scene of the accident, give his name, address, and registration number of his car and render reasonable assistance to the person so struck and injured.* Upon ex-

---

* See 1 Comp. Laws 1929, § 4722, as amended by Act No. 161, Pub. Acts 1937, and Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1940 Cum. Supp. § 9.1590).—REPORTER.

amination before a magistrate defendant was held for trial. In the trial court defendant moved to quash the information on the ground the evidence before the magistrate was insufficient to hold him for trial.

Two days after the accident, defendant at the prosecutor's office stated that, at about the time and place alleged, his car struck a pedestrian.

It is contended that such statement could not be used in establishing the *corpus delicti*. The *corpus delicti*, or commission of the crime by some one, was fully established by testimony aliunde and defendant's statement was properly received in identifying him as the offender. There was no merit in the motion to quash the information.

Trial was by jury, rulings on evidence have been examined, and, while some are open to criticism and can well be avoided upon retrial, we pass to objections and rulings upon the prosecutor's closing argument to the jury along the wholly improper line of negligent homicide, sanctioned by the court.

We quote:

"*Mr. Nahabedian* (the prosecutor): And that something they are charged with doing is the killing of a human being, which in itself is no light or small matter, nor is it a laughing matter.

"I don't think any one will dispute me that every individual in this world is entitled to live and not be struck down and left dying.

"*Mr. Olds* (counsel for defendant): We are not charged with negligent homicide here, and I consider the act of counsel on that point is highly prejudicial.

"*The Court:* You know he can draw any reasonable inference from the testimony.

"*Mr. Olds:* We are not considering whether it is right or wrong to hit this man.

"*Mr. Nahabedian:* It is part of the proofs to show the man was struck.

"*Mr. Olds:* Very well, he is going beyond that.

"*The Court:* I see nothing prejudicial for the moment.

"*Mr. Nahabedian:* Just as much as Mr. Reid so eagerly treasures his freedom, and his right to breathe the free air, so did Eugene Bickes have the right to breathe that free air, and perhaps he cherished it just as dearly.

"*Mr. Olds:* I object; we are not charged here with—

"*Mr. Nahabedian:* We are charging here that he killed a man and failed to stop, and if that is not part of the case, I don't know what is.

"*Mr. Olds:* I still object to it.

"*The Court:* Make the objection on the record and the Court will rule on it. We do not want any arguments between counsel.

"*Mr. Nahabedian:* Now we further charge that after having killed that man, or at least hitting him, and inflicting injuries which you have heard described here, which caused his death, that he did what to me and any other right-thinking person is the most dastardly act of all to do when a person has an accident. We aren't charging this defendant with merely having killed this man, that is true, but we are charging him that after killing him he wasn't man enough to stop and take the responsibility upon his shoulders, but that he left this dying man lying there gasping for breath, in the snow, with his shoes knocked off his feet and his feet scraped to the bone by being dragged along the street, as the doctor here testified to, and left him like I wouldn't leave a dog in the street.

"*Mr. Olds:* I still object; we are not charged with any crime the prosecutor is arguing about.

"*The Court:* Objection denied."

The argument was highly prejudicial and intensified by failure of the court, upon objection by defendant's counsel, to keep it within the issues involved.

For this error the conviction is reversed and defendant granted a new trial.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.