Fuld, J.
Alex Brustofsky, 71 years of age, was killed by two men in the course of a holdup committed in the hallway of the apartment house in which he lived. Defendants were charged with murder in the first degree, convicted and sentenced, upon the jury’s recommendation, to life imprisonment. The Appellate Division reversed the judgments of conviction solely on the law and ordered a new trial; in its view, the trial court had erred in not instructing the jury respecting the “ additional proof,” required by section 395 of the Code of Criminal Procedure, to support a confession.
Both defendants had admitted robbing Brustofsky. They stated, to the police and to the district attorney, that they had attacked the old man and that, while one of them grabbed and held him from behind and ‘ ‘ mugged ’ ’ him, by placing his arm about his throat and squeezing, the other struck him on the head and in the stomach. Their victim thus rendered quiescent, they removed $1.15 from his pockets and left him on the floor of the hallway where he was found dead some ten or fifteen minutes later. Evidence that Brustofsky had been killed, choked to death, came from the medical examiner who had performed the autopsy and such proof stood uncontradicted and undisputed. In fact, the defense itself, in summation as well as on the argument of motions to dismiss the indictment, explicitly conceded that the “body” bore “ marks of homicidal killing ” — counsel for one defendant declaring that “ Mr. Brustofsky was brutally killed. There is no question about it ”, counsel for the other asserting that he had been ‘ ‘ strangled by someone.”
The summations concluded, the judge charged the jury. In every prosecution for a homicide, he declared,1 ‘ the law requires proof of the death of the deceased ’ ’, adding that no one ‘1 can be convicted of murder unless the death * * * is established by direct proof and the fact of the killing by the defendant or defendants is established beyond a reasonable doubt.” Then, becoming more specific, he instructed that the People ‘1 must establish to your satisfaction beyond a reasonable doubt, first, that Mr. Brustofsky is dead; second, that he met his death as a result of some criminal agency, in other words, that he was killed;” “third,” that defendants, “acting together and in concert, were engaged in an attempt to commit the crime of robbery ” upon Brustofsky; and, “fourth,” that he “was *140 killed by one of these defendants during the hold-up If, continued the court, the prosecution failed “ to establish any or all of these propositions ”, or if the jury entertained “ a reasonable doubt” as to any of them, the defendants “must be acquitted.” Then, finally, having in mind the defense concessions made but a short time before, the court added, ‘ ‘ I think it is safe to say that Mr. Brustofsky is dead, that he met his death as a result of some criminal agency, and it is not disputed that he was killed.”
After the judge had finished his instructions, defendants asked him to charge — and this was the very language suggested — “ Section 395 of the Code of Criminal Procedure, confession by a defendant when evidence and its effect” and that “in addition to a confession they need additional evidence or additional testimony ”, The judge declined these requests, and it is that refusal which moved the Appellate Division to reverse. While that court’s statement, that “ the jury must be given the opportunity of passing upon the sufficiency of the [additional] proof to warrant a conviction ’ ’, undoubtedly expresses the rule in the abstract, we perceive no basis for its application in a case such as the present.
Insofar as pertinent, section 395 of the Code provides that ‘ ‘ A confession of a defendant * * * is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.” The meaning of that provision 1 ‘ is that there must be some other evidence of the corpus delicti besides the confession, the purpose being to require some proof of the death, and the violence which caused it, outside of and beyond the mere confession of the prisoner. In a case where the body is not found, and there is no proof of violence or of death except by the confession of the accused, that confession will not suffice.” (People v. Deacons, 109 N. Y. 374, 378.) The object of the statutory requirement, this court has observed, is to avert “ The danger that a crime may be confessed when [in fact] no such crime # * * has been committed by any one ”. (People v. Lytton, 257 N. Y. 310, 314; see People v. Brasch, 193 N. Y. 46, 58 et seq.; People v. Deacons, supra, 109 N. Y. 374, 377-378.)
There is, of course, no such danger here. Defendants were charged with murder, not robbery and, accordingly, there was no need for evidence, separate and apart from the statements, *141 of the underlying felony. (See People v. Gold, 295 N. Y. 772; People v. Cuozzo, 292 N. Y. 85, 92; People v. Lytton, supra, 257 N. Y. 310, 314; People v. Roach, 215 N. Y. 592, 600-601.) Since their “ confessions ” spoke only of the commission and perpetration of that felony, proof of the death and the murder had of necessity to come from a source outside of them, and the peril of a conviction based solely upon confessions was nonexistent. The statements served merely to identify defendants as robbers, the evidence that their victim was dead and that he had died from the application of criminal force having been established, beyond all possible doubt, “ by direct proof ” (Penal Law, § 1041).
If, however, the statements were to be read as confessions of murder, then the demands of section 395 were fully satisfied by the finding of Brustofsky’s body, bearing marks of murder, “ tokens of a fatal wound”. (People v. Lytton, supra, 257 N. Y. 310, 314.) In view of such proof, which came from the medical examiner, and of the concessions by the defense that Brustofsky had been “ brutally killed ”, “ strangled by someone ”, the trial court was thoroughly justified in refusing to charge defendants’ requests, cryptic and ambiguous as they were in any event. If the requests suggested the need for evidence, in addition to the confessions, of the underlying felony, they were based, as we have seen, on an erroneous view of the law and were for that reason properly refused. (See, e.g., People v. Gold, supra, 295 N. Y. 772; People v. Lytton, supra, 257 N. Y. 310, 314.) If, on the other hand, they suggested that there had to be “ additional proof ’ ’ that Brustofsky was dead, the victim of criminal violence, they were likewise properly refused as unnecessary, for, as already noted, defendants not only had accepted as indisputable his killing by criminal means, but had in so many words conceded both that fact and proof of it. By the same token, no fault may be found with the trial judge’s observation that ‘ ‘ I think it is safe to say that Mr. Brustofsky is dead * * * and it is not disputed that he was killed.” (See People v. Jackerson, 247 N. Y. 36, 38; People v. Walker, 198 N. Y. 329, 335; see, also, 9 Wigmore on Evidence [3d ed., 1940], §§ 2588, 2590.)
The Appellate Division, on a review of the record, found the evidence sufficient to justify the conviction of defendants, its order reciting that it “ considered the questions of fact and *142 # * * determined that it would not grant a new trial upon those questions.” Since the reversal was on the law and since guilt was established beyond a reasonable doubt and no error of law committed, there must be a reversal of the decision below and a reinstatement of the judgments of conviction.
The order appealed from should be reversed and the judgments of conviction reinstated.