UNITED STATES of America ex rel. James V. TANGREDI, Petitioner,

v.

Hon. Walter M. WALLACK, as Warden of Wallkill State Prison, Wallkill, New York, Respondent.

United States District Court
S. D. New York.

Dec. 2, 1964.

James V. Tangredi, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent, Amy Juviler, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, now serving a six to twelve year term at Wallkill State Prison, New York, pursuant to a judgment of conviction for second degree manslaughter entered in the Onondaga County Court upon a jury verdict, seeks his release by writ of habeas corpus. His claim of violation of federally protected constitutional rights rests upon allegations that he was indicted for one crime but convicted of another; that an involuntary and incriminating statement was used against him both before the grand jury which indicted him and upon his trial, and that prejudicial publicity deprived him of a fair trial.

Petitioner and a codefendant, Ronald Daughton, were indicted on a charge that they, "acting in concert, and each aiding and abetting the other, without a design to effect the death of Dale Lee Watson, in the heat of passion struck, beat and kicked the said Dale Lee Watson * * * causing him to sustain injuries as a result of which [he] died, * * * said act not being justifiable or excusable." Petitioner alleges that the quoted language charged him and his codefendant with conspiracy to commit manslaughter, a crime for which he could not be convicted in the light of his codefendant's acquittal, but that the case was sent to the jury on the theory of the substantive crime of manslaughter committed by either or both the defendants. This "variance," he urges, deprived him of his right under the Sixth Amendment to be "informed of the nature and cause of the accusation," and amounted to a denial of due process under the Fourteenth Amendment.

The New York Court of Appeals had construed precisely the same language in an indictment to charge a substantive offense rather than a conspiracy, the purpose of the "acting in concert" phrase being only to fix criminal responsibility on the aider and abettor, as well as on the actor.[1] This Court concludes, as did the State Court, that the language of the indictment fairly apprised petitioner of the crime for which he was being tried. But apart from this, the prior determination of the State Court that an indictment in the language of the instant one alleged a substantive charge against each defendant precludes the claim now made. A Federal writ of

1. People v. Lieberman, 3 N.Y.2d 649, 171 N.Y.S.2d 73, 148 N.E.2d 293 (1958).

habeas corpus may not be availed of to review the sufficiency of an indictment charging a crime within a State Court's jurisdiction.[2]

■ The petitioner's claim with respect to the incriminating statement rests principally upon the recent Supreme Court rulings in Jackson v. Denno [3] and Escobedo v. Illinois.[4] However, an examination of the briefs submitted upon petitioner's appeal in the State Court indicates that no claim of deprivation of constitutional rights was made with respect to the procedure whereby the statement was held admissible. Indeed, at the trial no objection was made to its admissibility either on the ground that it was coerced or that petitioner was deprived of the opportunity to consult with counsel.

The issue of constitutional infirmity never having been raised in the State Courts, the claim, under the doctrine of exhaustion of remedies, should be presented in the first instance there. As this Court said recently: [5]

"State Courts, no less than Federal Courts, are duty bound to enforce and protect the rights of defendants under the Constitution of the United States,[6] and due regard for the doctrine of exhaustion of State remedies under 28 U.S.C. § 2254, requires that the constitutional claims be presented to the State Courts before intervention by the Federal Courts may be sought.[7] The State in the first instance is entitled to the opportunity to vacate a conviction resting upon alleged constitutional violations.[8]

Following the determination of *Jackson*, the State Courts afford petitioners opportunities to attack judgments of conviction in confession cases by permitting reapplications of motions for leave to appeal which had been denied.[9]

■ Similarly, the petitioner's claim that prejudicial publicity deprived him of a fundamentally fair trial was never urged on appeal in the State Courts. Prior to the trial a motion for change of venue on the ground of prejudicial publicity was made and denied, and during the trial a motion for mistrial, also because of alleged prejudicial publicity, was made and denied. Upon the appeal neither denial was questioned. The two briefs submitted in support of the reversal of the judgment of conviction contained not the slightest reference thereto or made any contention that petitioner had been deprived of a fair trial by rea-

2. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925). Cf. United States ex rel. Birch v. Fay, 190 F.Supp. 105 (S.D.N.Y.1961).

3. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

4. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

5. United States ex rel. Rios v. Fay, 232 F.Supp. 368–369 (S.D.N.Y.1964).

6. Irvin v. Dowd, 359 U.S. 394, 404, 79 S. Ct. 825, 3 L.Ed.2d 900 (1959); Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); United States ex rel. Sproch v. Ragen, 246 F.2d 264, 267 (7th Cir. 1957).

7. United States ex rel. Sproch v. Ragen, 246 F.2d 264, 267 (7th Cir. 1957); United States ex rel. Berkery v. Rundle, 226 F.Supp. 579, 583 (E.D.Pa.1964); United States ex rel. Morrison v. Myers, 174 F.Supp. 818, 819 (E.D.Pa.1959). See United States ex rel. Cuomo v. Fay, 257 F.2d 438, 441 (2d Cir. 1958), cert. denied, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed. 2d 307 (1959).

8. United States ex rel. Marcial v. Fay, 247 F.2d 662, 665 (2d Cir. 1957), cert. denied, 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274 (1958).

9. Following the Supreme Court's *Jackson* decision, the New York Court of Appeals granted a motion for reargument in People v. Louis (No. 666, Oct. 8, 1964), a case in which it had eight years earlier affirmed a judgment of conviction. 1 N.Y. 2d 137, 151 N.Y.S.2d 20, 134 N.E.2d 110 (1956). Similarly, in People v. Huntley, (No. 831), Judge Fuld reconsidered on October 15, 1964 his earlier denial of leave to appeal and issued the certificate; the original conviction had been affirmed in the Appellate Division. 15 App.Div. 2d 735 (1st Dept.1962). The above matters, along with others presenting like problems, are now pending before the Court of Appeals.

**208**

son of alleged adverse publicity either prior to or during the trial. Petitioner had a full opportunity to present any constitutional claim based thereon but failed to do so. Even upon this record petitioner has set forth no explanation for failure to pursue this contention in his State appeal. The conclusion is warranted that a deliberate choice was made to abandon any claim with respect thereto.[10] Whatever the reason, whether tactical, strategic or recognition of lack of substance to the claim, petitioner deliberately bypassed the orderly procedure of the State Court where his claim could have been presented and heard on the merits.

The petition is dismissed.

---

10. Fay v. Noia, 372 U.S. 391, 448, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).