PEOPLE v. SPELLS

1. HOMICIDE—TRIAL—EVIDENCE—DUE PROCESS—CONFESSION OF CO-
DEFENDANT.
    The reading at defendant's trial for first-degree murder of a
    non-testifying codefendant's statement which implicates de-
    fendant in the crime is a denial of defendant's right to due
    process of law because it denies him the right to confront
    witnesses against him.

2. HOMICIDE—TRIAL—EVIDENCE—DUE PROCESS—APPEAL AND ERROR
—PRESERVING QUESTION FOR REVIEW.
    Failure of defendant to object at trial to the admission in
    evidence of extrajudicial statements of his codefendant does
    not automatically preclude appellate review; review is proper
    even though the error has not been saved where such review
    is necessary to afford defendant a fair trial.

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 February 5, 1969, at Lansing.
(Docket No. 3,434.) Decided March 27, 1969.

Benny Lee Spells was convicted of first-degree
murder. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *S. Jerome Bronson,*
Prosecuting Attorney, *Dennis Donohue,* Chief Ap-
pellate Counsel, and *Bruce T. Leitman,* Assistant
Prosecuting Attorney, for the people.

*William E. Bolle,* for defendant on appeal.

BEFORE: QUINN, P. J., and McGREGOR and V.
J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 574; 21 Am Jur 2d, Criminal
    Law §§ 336, 340.
[2] 5 Am Jur 2d, Appeal and Error §§ 548, 549.

Per Curiam. Defendant, Benny Lee Spells, was convicted of first-degree murder, having been charged with murdering a certain Eftimias Vasilion in an attempt, with two codefendants, to perpetrate an armed robbery in July, 1962. An extrajudicial statement of codefendant Page inculpated Spells. The statement was read into the record without objection by the defense; Spells was not afforded an opportunity to cross-examine, as Page did not testify.

The mandate of *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476) renders the reading of a non-testifying codefendant's inculpating statements invalid as a denial of the constitutional right to confront one's accusers. *Bruton* extends to state prosecutions, and is retroactive. *Roberts* v. *Russell* (1968), 392 US 293 (88 S Ct 1921, 20 L Ed 2d 1100).

Defendant's failure to object to admission of the extrajudicial statement does not preclude review. The practice in question was sanctioned at the time of trial. A motion for separate trial by the third codefendant on the ground that the Page statement was prejudicial (which was denied in Spells' presence) directed the trial court's attention to the problem. See *People* v. *Logie* (1948), 321 Mich 303, 307. Review, though the error has not been saved, is proper where necessary to afford a defendant a fair trial. *People* v. *Farmer* (1968), 380 Mich 198, 208.

Reversed.