PEOPLE v SPELLS

1. Homicide—Murder—Degrees.

Only murder is divided into degrees in the criminal law of this
state.

2. Homicide—Murder—Degrees—Indictment and Information.

First-degree murder and second-degree murder are two divisions
of the same crime, not distinctly separate crimes; an accused
may be bound over on an open charge of murder and the
information need not specify the degree (MCLA 750.316,
750.317).

3. Homicide—Felony-Murder—Corpus Delicti—Confessions.

The corpus delicti of a murder is established by showing a death
caused by a criminal agency and the degree may be established
by the defendant's statements; the prosecution, as a part of the
*corpus delicti* of a felony-murder, need not establish the partic-
ular felony (MCLA 750.316).

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 June 20, 1972, at Lansing.
(Docket No. 13361.) Decided July 26, 1972.

Benny Lee Spells was convicted of first-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunk-
ett,* Prosecuting Attorney, and *Dennis Donohue,*
Chief Appellate Counsel, for the people.

*William E. Bolle,* for defendant on appeal.

References for Points in Headnotes
[1, 2] 40 Am Jur 2d, Homicide §§ 44, 45, 53.
[2] 40 Am Jur 2d, Homicide §§ 212, 215.
[3] 40 Am Jur 2d, Homicide §§ 246, 284, 432, 442.

Before: FITZGERALD, P. J., and QUINN and DAN-
HOF, JJ.

PER CURIAM. Defendant was first convicted of
murder in the first degree in July, 1962, allegedly
having committed the murder in an attempt to
commit an armed robbery. MCLA 750.316; MSA
28.548. The conviction was reversed by this Court.
*People v Spells,* 16 Mich App 609 (1969). In a
second trial the jury again found the defendant
guilty of the original charge and he was sentenced
to a term of life imprisonment on February 4,
1970. On February 7, 1972, this Court granted
defendant's application for delayed appeal.

Although framed in several different ways, the
only substantial question involved in this case is
whether the people had established the corpus
delicti of the offense before offering the defendant's
confession into evidence. Defendant contends that
under the felony-murder statute, MCLA 750.316;
MSA 28.548, the prosecution as part of the corpus
delicti must establish the particular felony in-
volved, *i.e.,* armed robbery or attempted armed
robbery. This precise question was before this
Court in *People v Allen,* 39 Mich App 483 (1972),
and was answered contrary to the claim of the
defendant. In *Allen,* the court relied on *People v
Lytton,* 257 NY 310; 178 NE 290; 79 ALR 503
(1931). Additional authority is found in *State v
Goyet,* 120 Vt 12, 132 A2d 623 (1957); *State v
Johnson,* 31 NJ 489; 158 A2d 11 (1960); *Jefferson v
State,* 128 So 2d 132 (Fla, 1961); *Reyes v State,* 155
So 2d 663 (Fla App, 1963).

While it is true that for most offenses there
must be evidence of all of the elements of the
offense without reference to the accused's confes-
sion, murder is treated differently. See *People v
Randall,* 42 Mich App 187 (1972). Of all the crimes

known to our law only murder is divided into degrees. First-degree murder and second-degree murder are consistently treated as two divisions of the same crime, not as distinctly separate crimes. For example, an accused may be bound over on an open charge of murder and the information need not specify the degree. If murder is regarded as a single offense divided into degrees the corpus delicti is established by showing a death and a criminal agency as its cause, and the degree may be established by the defendant's statements. We recognize that there is a certain artificiality in this distinction; however, this is often the case with statutory distinctions and we think that we should give effect to the Legislature's intent. Once the crime of murder has been established the danger that a crime that has not been committed will be confessed is sufficiently averted. *People v Lytton, supra, People v Cuozzo,* 292 NY 85; 54 NE2d 20 (1944); *People v Louis,* 1 NY2d 137; 151 NYS2d 20; 134 NE2d 110 (1956).

The remaining questions raised by the defendant were either not preserved in the trial court, or have not been briefed, and as such they will not be considered on appeal. *People v Williams,* 29 Mich App 420 (1971); *People v Heard,* 31 Mich App 439 (1971).

Affirmed.