PEOPLE v SPARKS

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—APPEAL AND ERROR—
PRESERVING QUESTION.

A defendant may not raise errors or irregularities relating to the
preliminary examination on appeal unless the issue was timely
raised prior to or at trial.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE—
APPEAL AND ERROR—DISCRETION.

The question of probable cause at a preliminary examination is
primarily one for the consideration and determination of the
magistrate and neither the trial court nor the Court of Appeals
should substitute its judgment for that of the magistrate,
except when a clear abuse of discretion is apparent.

3. HOMICIDE—MURDER—PREMEDITATION AND DELIBERATION—EVI-
DENCE.

Premeditation and deliberation may be inferred from all of the
circumstances surrounding a killing including the character of
the weapon used and the infliction of wounds upon vital parts
of the body.

4. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION AND DELIBERA-
TION—EVIDENCE—PRELIMINARY EXAMINATION—PROBABLE
CAUSE.

There was sufficient circumstantial evidence of premeditation and
deliberation presented at a preliminary examination to find
probable cause to believe that the crime committed by a
defendant was first-degree murder where the decedent suffered
multiple stab wounds, where the finding of blood on a freeway
100 feet from the body and the finding of two sets of footprints
lead to the inference that the decedent, bleeding, was pursued

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 446.
[2] 21 Am Jur 2d, Criminal Law §§ 443, 449.
[3, 4] 40 Am Jur 2d, Homicide §§ 263, 264.
[5] 30 Am Jur 2d, Evidence § 1131.
    40 Am Jur 2d, Homocide § 431.

by the killer, and where the area in which the body was found was relatively secluded.

5. VENUE—FIRST-DEGREE MURDER—EVIDENCE.

Venue in a trial for first-degree murder was properly established where circumstantial evidence, which included the finding of scattered bloodstains and two sets of footprints near the victim's body, tended to show that the victim died at that location and supported the inference that the decedent died in that county.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 April 8, 1974, at Lansing. (Docket No. 16227.) Decided May 29, 1974. Leave to appeal applied for.

Lawrence J. Sparks was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Parvin Lee, Jr.,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

McGREGOR, P. J. Defendant, charged with first-degree murder, MCLA 750.316; MSA 28.548, was tried before a jury and was convicted. After his motion for a new trial was denied, defendant appeals as of right.

At the conclusion of the preliminary examination, defendant was bound over to circuit court to stand trial on the charge brought in the information, the first-degree murder of Wilhelmina (Mimi)

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

A. Sims. Defendant's allegations of error concern only this preliminary examination.

This Court is asked to determine that the examining magistrate erred in finding that the people had shown probable cause to believe that the crime committed by defendant was first-degree murder and that the people's case at preliminary examination was fatally defective for failure to establish venue.

The threshold question for this Court is whether the first issue has been properly preserved. A defendant may not on appeal raise errors or irregularities relating to the preliminary examination, unless the issue was timely raised prior to or at trial. *People v Stinson,* 6 Mich App 648; 150 NW2d 171 (1967); *People v Miniear,* 8 Mich App 591; 155 NW2d 222 (1967); *People v White,* 32 Mich App 296; 188 NW2d 236 (1971); *People v Boyd,* 49 Mich App 388; 212 NW2d 333 (1973). Defense counsel did file and argue a motion to quash before trial, which alleged that the people had failed to prove venue, thus properly preserving that issue. The motion also urged that there was an absence of proof on the element of premeditation. Defense counsel did not refer specifically to the rule that the corpus delicti must be shown before admissions of the accused are admitted. Defense counsel argued, in essence, that there was an absence of premeditation, even assuming the proper admission of the accused's confessions, without reaching the question of whether those confessions were properly admitted. Hence, defendant's case falls in the gray area where defense counsel has tangentially but not specifically raised the precise issue now urged on appeal.

Some of the evidence presented at the preliminary examination clearly showed that Ms. Sims'

body was found by a state trooper, on the shoulder of the I-75 expressway in the City of Troy, Oakland County, Michigan. Her body was lying on its back, with her head on her purse and her hands across her stomach. There was snow on the ground and the trooper could observe blood and footprints in the snow. The footprints were distinctly those of two individuals, and it appeared to the trooper that someone had attempted to cover them up. There were other blood spots in the outer right lane of the expressway, about 100 feet from the body.

The Oakland County Medical Examiner testified that the decedent suffered multiple stab wounds and cuts, one of which stab wounds was to the left breast and punctured the lung; another stab wound was to the right abdomen and punctured the liver; a major wound was to the right armpit which severed large blood vessels; and that there were cuts to the right wrist and left hand. The examiner testified that the cause of death was shock and hemorrhage due to the multiple stab wounds; he also expressed an opinion that the weapon used was a wide-bladed knife approximately two to three inches long.

The preliminary examination further established that the decedent lived in Detroit and that she was last seen alive with the defendant at the house of a mutual friend in Detroit; that the defendant and decedent left that house together at approximately 2 on the morning of the crime. The defendant was next seen again in Detroit at about 4:30 that morning, without the victim. At that time, the defendant had blood around his mouth and on his coat and shoes, which he wiped off with a towel. The defendant was known to carry a 12-inch hunting knife in his car.

The question of probable cause is primarily one for the consideration and determination of the examining magistrate. Neither the trial court nor the Court of Appeals should substitute its judgment for that of the magistrate, except when a clear abuse of discretion is apparent. *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954).

Premeditation and deliberation may be inferred from all of the circumstances surrounding a killing. These include the character of the weapon used and the infliction of wounds upon vital parts of the body. *People v Wolf,* 95 Mich 625, 629; 55 NW 357 (1893).

A concise summary of the relevant law is found in *People v Randall,* 42 Mich App 187, 190; 201 NW2d 292 (1972), where the Court said:

"It is well-accepted that the corpus delicti must be established by evidence other than a confession of the accused. It is also well-accepted that this rule applies to a preliminary examination. *People v Asta,* 337 Mich 590; 60 NW2d 472 (1953); *People v Reid,* 295 Mich 572; 295 NW 317 (1940); *People v White,* 276 Mich 29; 267 NW 777 (1936); *Peterson v Oceana Circuit Judge,* 243 Mich 215; 219 NW 934 (1928). Furthermore, in most crimes the prosecutor must show that the crime charged has been committed, or stated differently, he must show all of the elements of the offense. *People v Barron,* 381 Mich 421; 163 NW2d 219 (1968); *People v Kelsch,* 16 Mich App 244; 167 NW2d 777 (1969)."

The state of the law before *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), as defendant concedes, is clearly contrary to his position. It has been held that proof of the corpus delicti of murder is established by proof of death and a criminal agency as its cause. *People v Mondich,* 234 Mich 590; 208 NW2d 675 (1926); *People v Coapman,* 326 Mich 321; 40 NW2d 167 (1949); *People v Kozlow,*

38 Mich App 517; 196 NW2d 792 (1972). It has been said affirmatively that the corpus delicti is established by death and an unnatural cause of death. *People v Jackson,* 1 Mich App 207; 135 NW2d 557 (1965); *People v Herrera,* 12 Mich App 67; 162 NW2d 330 (1968), *rev on other grounds,* 383 Mich 49; 173 NW2d 202 (1970); *People v Spells,* 42 Mich App 243; 201 NW2d 361 (1972). Defendant argues that the testimony of the medical examiner does not establish a criminal or unnatural cause of death. The facts elicited from the medical examiner support the conclusion of the examining magistrate that the cause of death was a criminal or unnatural cause.

It is the precise nature of the wounds in an individual case which lead to the alternative inferences of premeditation or the lack of premeditation. The wounds in the present case would permit an inference that the stabbing was done with premeditation and deliberation.

Robert Cleveland testified that he had known defendant since they met in 1967 or 1968, and that at 11:30 or 12 in the late evening of February 8, 1972, he saw the defendant at his residence; that defendant's brother, Jim Sparks, and James Vincent and Sharon Vincent also were there; that Mimi Sims arrived in the early morning hours of February 9; that eventually Sharon Vincent, Mimi, and the defendant left together, in defendant's light green Chevy Nova; that 45 minutes or less later, Sharon returned. This witness testified that defendant and Mimi Sims did not return with Sharon, and that, at about 4:15 a.m., the defendant returned with blood around his mouth, and also had blood on the arm of his coat and on his shoes; further, that this witness gave defendant a towel to wipe the blood off.

Earlier in the evening, defendant told three witnesses that Mimi had sold him, as methadone, pills that were not in fact methadone. Defendant stated that he would like to wring Mimi's neck; that he had paid $6 for the purported methadone.

Functionally, premeditation and the proof of a felony serve the same purpose, elevating an otherwise second-degree murder to the crime of murder in the first degree. See *People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973).

In a recent decision, *People v Allen,* 39 Mich App 483; 197 NW2d 874 (1972), the majority opinion affirmed a lower court holding and Judge LEVIN dissented. In an appeal to the Michigan Supreme Court, 390 Mich 383; 212 NW2d 21 (1973), Judge LEVIN's dissent was adopted as the opinion of that Court. We quote from his dissent:

"Whatever may be the current etymological definition of the term *'corpus delicti,'* and, although there are quotations in Michigan cases from other authorities to the effect that the *corpus delicti* of an offense is established upon showing a specified *injury* and someone's criminality as the source of the injury, the law in this state is clear that the *corpus delicti* of an offense is not established until the people have introduced evidence from which the trier of fact may reasonably find that acts constituting *all the essential elements* of the offense have been committed and that someone's criminality was responsible for the commission of those acts.

\* \* \*

"Nevertheless, the hornbook view is, indeed, that the *corpus delicti* of 'felonious homicide' consists of evidence of a death and of a criminal agency as its cause. *People v Mondich,* 234 Mich 590, 593–594; 208 NW 675 (1926). Such statements also appear in other Michigan cases where the *corpus delicti* issue was raised in reference to the admissiblity of an accused person's confession, but they are for the most part *dictum.*" *People v Allen, supra,* 495–496, 498.

The requirement of independent proof is to assure that an accused not be convicted on the basis of his confession to a nonexistent crime. Proof of unnatural death provides that protection. *People v Allen, supra.* Defendant quotes this case and, while seeming to support defendant's contentions, *Allen* is distinguishable. The decision there was only that the element of an underlying felony must be proved without defendant's confession in a felony-murder case. *Allen* leaves intact the present body of corpus delicti law regarding other first-degree murder.

The circumstances of the killing itself make premeditation and deliberation a reasonable inference. Besides the nature of the wounds, the finding of blood on the freeway 100 feet from the body and the finding of two sets of footprints lead to the inference that the decedent, bleeding, was pursued by her killer for further stabbing. The location at which the body was found, while not completely secluded, appears to be a relatively desolate portion of the expressway. The evidence in the record indicates that the weapon was not recently acquired in preparation for the homicide, but was owned by the defendant for at least two weeks prior to the crime. There is sufficient circumstantial evidence of premeditation and deliberation to withstand the assertion that the court abused its discretion in finding probable cause to believe that the crime committed by defendant was first-degree murder.

The issue of venue has been properly preserved by defense counsel's motion to quash on these very grounds, raised in the trial court before defendant's jury trial. There was circumstantial evidence supportive of the inference that the decedent died in Oakland County. The scattered blood stains and the dual set of footprints at the scene tend to show

that Mimi Sims died at the scene. While the circumstantial evidence of Oakland County venue is not overwhelming, it is sufficient to find venue properly established.

Conviction affirmed.

All concurred.