# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIMOTHY ARMON WRIGHT,

Defendant-Appellant.

UNPUBLISHED
December 12, 2017

No. 333488
Wayne Circuit Court
LC No. 15-009130-01-FC

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of first-degree premeditated murder, MCL 750.316, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced to life imprisonment without the possibility of parole for the first-degree premeditated murder conviction, 14 months to 5 years' imprisonment for the felon in possession of a firearm conviction, and five years' imprisonment for the felony-firearm, second offense conviction. We affirm.

In his principal appellate brief and his Standard 4 brief, defendant argues that the evidence was insufficient to support his convictions and that the trial court clearly erred in its findings of fact. In his Standard 4 brief, defendant also asserts that the verdict was against the great weight of the evidence. We disagree with all of these arguments.

"This Court reviews de novo a challenge to the sufficiency of the evidence in a bench trial. The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Lanzo Constr Co*, 272 Mich App 470, 473-474; 726 NW2d 746 (2006) (citation omitted).

> This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. All conflicts in the evidence must be resolved in favor of the prosecution. [*People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008) (citations omitted).]

-1-

"[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Id*. at 622. A trial court's findings of fact are reviewed for clear error, which exists if this Court is definitely and firmly convinced that the trial court made a mistake. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). In determining whether the verdict was against the great weight of the evidence, this Court considers "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998).

In his principal appellate brief, defendant argues that (1) the trial court clearly erred when it found that he possessed the mental state required for first-degree premeditated murder and (2) there was insufficient evidence to support his conviction of that offense. Defendant suggests that he should have been convicted only of voluntary manslaughter because he acted in the heat of passion with adequate provocation. We disagree.

> First-degree murder is the intentional killing of another, done with premeditation and deliberation. The length of time necessary to measure and evaluate a choice before it is made is incapable of precise determination; all that is necessary is enough time to take a second look at the actions contemplated. Premeditation and deliberation may be inferred from the circumstances, including the defendant's behavior before and after the crime. [*People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993).]

As defendant admitted on cross-examination at trial, surveillance video from the gas station in which the murder occurred showed defendant chasing the victim, Deangelo Turner, down the snack chip aisle while defendant was holding a pistol. Defendant fired his weapon a few times as he was pursuing Turner. Turner attempted to pull items off the store shelf and fell to the ground, crouching into a fetal position. Defendant stood over Turner and fired his weapon point blank at Turner while Turner was on the ground and not firing back. Defendant then walked out of the gas station, calling Turner a "b----" and other names. Defendant admitted that he then ran away from the gas station because he knew he was in trouble. The medical examiner's report indicated that Turner died from multiple gunshot wounds, including two gunshot wounds to the back of his neck fired at close range and in a downward trajectory. The evidence supports the conclusion that defendant intentionally killed Turner and that the act was done with premeditation and deliberation. Defendant had an opportunity to take a second look at his actions as he pursued Turner, shot at him while chasing him down the aisle, and then shot him again after he fell and as defendant stood over him. Although defendant claimed that Turner had a weapon, defendant admitted that the video did not show Turner with a weapon, and the trial court did not credit defendant's self-serving and uncorroborated assertion that Turner was armed. This Court does not interfere with the trier of fact's role of determining the credibility of witnesses. *Kanaan*, 278 Mich App at 619. Defendant's consciousness of guilt is also demonstrated by his flight from the gas station after the shooting because he knew he was in trouble. See *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995) (fleeing the scene of the crime may indicate consciousness of guilt). Defendant has identified no basis to conclude

that the trial court clearly erred in finding that defendant possessed the mental state needed to convict him of first-degree premeditated murder. Sufficient evidence was presented to support defendant's conviction.

Nor has defendant articulated a basis for concluding that he should have been convicted of voluntary manslaughter. "[T]he element distinguishing murder from manslaughter – malice – is negated by the presence of provocation and heat of passion. Thus, . . . the elements of voluntary manslaughter are included in murder, with murder possessing the single additional element of malice." *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003) (citation omitted).

> To show voluntary manslaughter, one must show that the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions. Significantly, provocation is not an element of voluntary manslaughter. Rather, provocation is the circumstance that negates the presence of malice. [*Reese*, 491 Mich at 143-144 (brackets and citations omitted), quoting *Mendoza*, 468 Mich at 535-536.]

The prosecutor is not required to disprove or negate every reasonable theory consistent with the defendant's innocence; rather, the prosecutor is obligated only to prove the elements of the crime beyond a reasonable doubt. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). As discussed, the prosecutor presented sufficient evidence to establish the elements of first-degree premeditated murder. The prosecutor was not required to disprove defendant's voluntary manslaughter theory. In any event, the evidence credited by the trial court did not support defendant's claim that he was acting in the heat of passion caused by adequate provocation. Although defendant and Darious Culpepper presented testimony suggesting that Turner had used his motor vehicle to knock defendant off his bicycle earlier that day, the trial court found that defendant and Culpepper were not credible witnesses, and this Court does not interfere in the trier of fact's credibility determinations. *Kanaan*, 278 Mich App at 619. Even if defendant's claim regarding being hit off his bicycle was true, defendant admitted that the bicycle incident happened approximately 30 to 40 minutes before the shooting at the gas station. Defendant also admitted that he walked around to cool off after being knocked off his bicycle and that he in fact did cool off. Hence, defendant has not established that the trial court clearly erred in rejecting defendant's theory that he shot Turner in the heat of passion caused by adequate provocation.

In his Standard 4 brief, defendant asserts that there was no evidence that he had a firearm in his hand outside of the gas station when he talked to Aaron Seymour, the passenger in Turner's car, before the shooting. Defendant suggests that a different outcome at trial may have resulted if the trial court had been presented with additional surveillance footage of the outside of the gas station. But the shooting occurred inside the gas station, and defendant admitted at trial that the video surveillance footage shows him firing his weapon at Turner inside the gas station. It was unnecessary to establish that defendant had already pulled the firearm from his waist when talking to Seymour before entering the gas station. Defendant also asserts that the verdict was against the great weight of the evidence because Turner had allegedly drawn his firearm on defendant in the past and twice on the date of the incident, and because Turner purportedly charged toward defendant before the shooting. This argument is premised on the assumption

that defendant's testimony is to be credited, but the trial court found that defendant was *not* a credible witness. This Court generally defers to the trier of fact's credibility determinations unless the credited testimony has been so far impeached that it was deprived of all probative value or unless it contradicted indisputable physical facts or defied physical realities. *Lemmon*, 456 Mich at 643-647. There is no basis to question the trial court's declination to credit defendant's testimony in this case, especially given that defendant's testimony that Turner was armed and charged toward defendant contradicts the surveillance video of the shooting incident.

Defendant's Standard 4 brief also suggests that there was insufficient evidence because he was knocked off his bicycle by Turner's car and that Turner pulled out a gun and ran toward defendant inside the gas station; defendant contends that he was thus acting out for fear for his life when he pulled his gun and shot Turner. In essence, defendant appears to be arguing that the prosecution failed to present sufficient evidence to exclude the possibility of self-defense beyond a reasonable doubt. See *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014) (after a defendant raises the issue of self-defense and satisfies the initial burden of producing evidence to establish a prima facie defense of self-defense, the prosecutor must exclude the possibility of self-defense beyond a reasonable doubt); MCL 780.972(1) (an individual who has not engaged in a crime when using deadly force may use deadly force if "[t]he individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual."). Defendant's argument that he acted in self-defense overlooks the trial court's declination to credit defendant's testimony that Turner possessed a gun and ran toward defendant. This Court does not interfere in the trier of fact's credibility determinations. *Kanaan*, 278 Mich App at 619. The video contradicts defendant's argument regarding what happened inside the gas station; it shows defendant chasing and firing shots at an apparently unarmed Turner inside the store, Turner falling, and then defendant firing more shots at Turner as Turner lay on the ground. Defendant's claim that he feared for his life because Turner had knocked defendant off his bicycle earlier is inconsistent with the fact that defendant went into the gas station *knowing* that Turner was there.

Next, defendant's Standard 4 brief challenges the quality of the police investigation in this case. Defendant does not cite any pertinent case law or explain why any deficiencies in the police investigation would entitle him to relief on appeal. An appellant may not merely "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008) (quotation marks and citation omitted). Defendant has abandoned the issue by failing to adequately brief it. *Id*. Even if defendant's argument is generously construed as somehow pertaining to his challenge to the sufficiency of the evidence, it is devoid of merit. Defendant claims that a police officer improperly allowed Roderick Hinton, who was working at the gas station, to leave the crime scene without searching him for a weapon. There is no evidence in the record indicating that the police allowed Hinton to leave the crime scene without searching him. Defendant's Standard 4 brief appears to refer to a police report indicating that Hinton left the premises after providing his identification to Officer Anthony O'Rourke, but that report is not in the record. O'Rourke's partner, Officer Charles Ruffin, testified at trial that Hinton at some point came back to the gas station and that Ruffin talked to Hinton and took him to the police station. Defendant speculates that Hinton may have taken from the crime scene the firearm that defendant claims Turner possessed at the

-4-

time of the shooting incident. Yet defendant also asserts in his brief and testified below that it was *not* Hinton but *someone else* who took Turner's gun. In any event, there is nothing in the record to corroborate defendant's self-serving testimony that Turner possessed a firearm in the gas station, and this contention is contradicted by the video of the shooting incident. Nor is there evidence that Hinton took a gun or smuggled it from the crime scene – defendant's testimony suggested *someone else* did so. Defendant's argument that the police failed to properly investigate the case because they did not search Hinton is without merit.

Next, defendant argues in his Standard 4 brief that various errors or irregularities occurred in connection with his preliminary examination. We disagree.

In order to preserve an argument that there were errors or irregularities related to the preliminary examination, a defendant must raise the issue before or during trial. *People v Sparks*, 53 Mich App 452, 454; 220 NW2d 153 (1974). Defendant did not raise before or during trial the alleged errors or irregularities related to the preliminary examination that he asserts on appeal. Therefore, the issue is not preserved for appellate review.

Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. . . . Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*Id*. (quotation marks, brackets, and citations omitted).]

In his Standard 4 brief, defendant suggests the district court erred at the preliminary examination by admitting and relying on Seymour's testimony that defendant had a firearm in his hand outside the gas station before the shooting and that defendant made a threatening comment to Seymour outside the gas station; defendant contends that Seymour's testimony was false. Defendant also suggests that the district court somehow erred because surveillance video of the exterior of the gas station was not admitted at the preliminary examination.

Seymour testified at the preliminary examination that he saw defendant with a gun in his hand outside the gas station before the shooting while Seymour was sitting in Turner's car. According to Seymour, defendant stated, "I'm about to go holler at this p---y a-- n----r." Seymour testified that he understood defendant's statement to mean that defendant was going to enter the gas station to talk to Turner "as a man, you know what I'm saying, to squash the little bull crap that was going on with them . . . ." In announcing its decision to bind defendant over to circuit court, the district court stated, *inter alia*, that defendant went into the gas station "with gun in hand[.]"

Defendant identifies no factual basis – other than defendant's bare assertion – to conclude that Seymour's testimony on this matter was false, let alone that the district court knew that Seymour's testimony was false when the testimony was admitted. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008) (quotation marks and citation omitted). This Court need not consider an argument that is not supported with citations to the record as required by MCR 7.212(C)(7). *Id*. In any event, we can find no basis in the record to conclude that Seymour's testimony was false and that the district court knew it was false when the testimony was admitted. Nor has defendant cited any authority or presented any argument explaining why or how the district court erred by virtue of the fact that no surveillance video of the exterior of the gas station was admitted at the preliminary examination. An appellant may not merely "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Martin*, 271 Mich App at 315 (quotation marks and citation omitted). Defendant has abandoned the issue by failing to adequately brief it. *Id*.

Further, any error in the admission of evidence at the preliminary examination would not warrant reversal of defendant's subsequent convictions at trial absent a miscarriage of justice. *People v Hall*, 435 Mich 599, 603-604, 613; 460 NW2d 520 (1990). Defendant has not established that any miscarriage of justice has occurred. And to the extent that defendant is challenging the district court's bindover decision (by challenging the district court's reliance on Seymour's testimony), defendant's argument lacks merit because "[a] defendant may not appeal whether the evidence at the preliminary examination was sufficient to warrant a bindover if the defendant was fairly convicted of the crimes at trial." *People v Green*, 313 Mich App 526, 530; 884 NW2d 838 (2015). Defendant has not established that he was unfairly convicted at trial. Also, "the presentation of sufficient evidence to convict at trial renders any erroneous bindover decision harmless." *People v Bennett*, 290 Mich App 465, 481; 802 NW2d 627 (2010). As discussed earlier, the prosecution presented sufficient evidence to support defendant's convictions at trial.

Defendant next argues in his Standard 4 brief that he was denied a fair and impartial trial due to prosecutorial misconduct. We disagree. In order to preserve an issue of prosecutorial misconduct, a defendant must make a contemporaneous objection in the trial court. *Bennett*, 290 Mich App at 475. Defendant did not contemporaneously object below to the alleged acts of prosecutorial misconduct that he asserts on appeal. Therefore, the issue is unpreserved.

This Court has explained the standard of review for this issue as follows:

> Issues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial. Further, allegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context.

> Unpreserved issues are reviewed for plain error affecting substantial rights. Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or

public reputation of judicial proceedings. [*Bennett*, 290 Mich App at 475-476 (quotation marks, brackets, and citations omitted).]

Defendant contends in his Standard 4 brief that the prosecutor withheld video footage of the exterior of the gas station that would have discredited Seymour's testimony and police statement. Defendant suggests that the prosecutor knowingly allowed Seymour to provide false testimony and purposely withheld still images that would have proved Seymour was lying. Defendant has cited nothing in the record to support these contentions. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *Petri*, 279 Mich App at 413 (quotation marks and citation omitted). This Court need not consider an argument that is not supported with citations to the record as required by MCR 7.212(C)(7). *Id*. In any event, we can find no basis in the record to conclude that the prosecutor withheld video footage or that the prosecutor knowingly allowed Seymour to provide false testimony. Defendant's argument is bereft of factual support. Further, given that Seymour did not even testify at trial, defendant could not have been denied a fair and impartial trial on the basis of purported prosecutorial misconduct related to Seymour's testimony or the alleged withholding of evidence that might be used to discredit that testimony.

Defendant also asserts that the prosecutor made speculative and cruel comments during closing argument and that these comments led the trial court to find that defendant's actions were premeditated. Defendant states that the prosecutor's comments concerning defendant's state of mind could not be used to prove his guilt of first-degree premeditated murder. Although defendant cites four pages of the trial transcript in which the prosecutor made his closing argument, defendant fails to identify specifically which of the prosecutor's comments defendant believes were improper or to argue specifically how they were improper. An appellant may not merely "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Martin*, 271 Mich App at 315 (quotation marks and citation omitted). Defendant has abandoned the issue by failing to adequately brief it. *Id*. In any event, we have reviewed the prosecutor's closing argument, including the pages cited by defendant, and the prosecutor's argument was not improper. A prosecutor may not express his or her personal belief in the defendant's guilt. *People v Seals*, 285 Mich App 1, 24; 776 NW2d 314 (2009). Nonetheless, prosecutors are generally "accorded great latitude regarding their arguments, and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *Id*. at 22. In this case, the prosecutor appropriately argued from the evidence and reasonable inferences from the evidence that defendant acted with premeditation. The prosecutor's comments during closing argument were not speculative or cruel as defendant asserts on appeal.

Next, defendant argues in his Standard 4 brief that he was denied the effective assistance of counsel. We disagree. Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo. *Id*. Because defendant failed to preserve this issue by moving for an evidentiary hearing or new trial, "our review is limited to errors apparent on the record." *Lopez*, 305 Mich App at 693 (citation and quotation marks omitted). Because defendant failed to preserve this issue by moving for an evidentiary hearing or new trial in the trial court on the basis

asserted on appeal, "our review is limited to errors apparent on the record." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (citation and quotation marks omitted).

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Defense counsel is strongly presumed to be effective. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Petri*, 279 Mich App at 411. A defendant claiming ineffective assistance has the burden of establishing the factual predicate for the claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

In his Standard 4 brief, defendant asserts various claims of ineffective assistance of counsel. First, defendant asserts that his attorneys were ineffective for failing to move to suppress the full surveillance video of the events that occurred at the time of the offenses. However, defendant has not identified any basis on which suppression of the video could have been sought, nor is any such basis apparent from the record. He has thus failed to establish the factual predicate for his claim. *Carbin*, 463 Mich at 600. Defense counsel was not ineffective for failing to advocate a meritless position. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also suggests that his attorneys were ineffective for failing to object to the prosecutor's alleged withholding of certain parts of the surveillance video, for failing to obtain a subpoena for the full surveillance video, and for failing to request an evidentiary hearing on the matter. There is no indication in the record that the prosecutor withheld any surveillance video from the defense or that it was necessary for defense counsel to request an evidentiary hearing or obtain a subpoena regarding the surveillance video. Again, defendant has failed to establish the factual predicate for his claim, *Carbin*, 463 Mich at 600, and defense counsel was not ineffective for failing to advocate a meritless position, *Ericksen*, 288 Mich App at 201.[1]

---

[1] Defendant asserts in one sentence of his Standard 4 brief that an evidentiary hearing should have been held regarding his statement to the police. Defendant does not explain why such an evidentiary hearing was required. An appellant may not merely "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Martin*, 271 Mich App at 315 (quotation marks and citation omitted). Defendant has abandoned the issue by failing to adequately brief it. *Id*. In any event, there is nothing in the record to indicate that an evidentiary hearing was required with respect to defendant's statement. Defense counsel was not ineffective for failing to advocate a meritless position. *Ericksen*, 288 Mich App at 201.

Lastly, defendant contends that defense counsel was ineffective for failing to file a motion for a speedy trial. "A delay of six months is necessary to trigger further investigation" into a speedy trial claim. *People v Daniel*, 207 Mich App 47, 51; 523 NW2d 830 (1994). The delay period "runs from the date of the defendant's arrest until the time that trial commences[.]" *People v Waclawski*, 286 Mich App 634, 665; 780 NW2d 321 (2009). Here, defendant has failed to identify any basis on which to conclude that he had a meritorious speedy trial claim that defense counsel should have asserted. Defendant states only that he was arraigned on November 11, 2015, and that his sentencing date was May 27, 2016. The record indicates that defendant was arrested on October 20, 2015, and his trial was scheduled to begin on March 8, 2016 but was delayed to April 28, 2016 because defendant requested and was granted a new attorney. Defendant fails to explain why that delay was not attributable to him. See *id*. at 666 ("In assessing the reasons for the delay, this Court must examine whether each period of delay is attributable to the defendant or the prosecution."). Defendant also fails to address whether or how he was prejudiced by any delay. See *id*. at 665 (when the delay is less than 18 months, the defendant has the burden to establish prejudice). In sum, defendant has failed to establish the existence of a meritorious speedy trial claim and has thus not established the factual predicate for his assertion that defense counsel was ineffective for failing to file a speedy trial motion. *Carbin*, 463 Mich at 600. Defense counsel was not ineffective for failing to advocate a meritless position. *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien